## In re BLOOM.
### No. 58955.

District Court, N. D. Illinois, E. D.
May 13, 1935.

Howard B. Hauze, of Chicago, Ill., for trustee.

HOLLY, District Judge.

Isaac Bloom as trustee filed his petition under section 74 of the Bankruptcy Act, as amended (11 USCA § 202), praying the relief granted by the terms of the section. The referee to whom this case was referred has filed his report herein recommending that the petition be dismissed on the ground that said Isaac Bloom as such trustee "is a corporation within the meaning of section 4 and section 1 of the Bankruptcy Act [11 USCA §§ 1, 22]."

Bloom was appointed as trustee under a certain deed of trust dated December 30, 1931, by which Benjamin Goldberg and his wife conveyed to Bloom in trust certain real estate situated in Cook county, Ill., subject to a trust deed securing an indebtedness of $120,000. By the terms of said deed of trust Bloom agreed to hold and administer said property in trust and was authorized by the deed to manage and operate the real estate, receive all income therefrom, pay all necessary expenses, and use and disburse the net income (after reserving certain amounts for the payment of the mortgage indebtedness) for the necessary support, maintenance, and education of a son of the said Goldberg; the trust to terminate when the said son should reach the age of 30 years.

In my opinion the trustee is not a corporation within the meaning of the term as used in section 1 of the Bankruptcy Act. That section provides that a corporation shall mean all bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships and shall include limited or other partnership associations organized under laws making the capital subscribed alone responsible for the debts of the association, joint-stock companies, unincorporated companies and associations, and any business conducted by a trustee, or trustees, wherein beneficial interest or ownership is evidenced by certificate or other written instrument.

In this case it does not appear that the beneficial interest or ownership was evidenced by a certificate or certificates or other written instrument. Furthermore, it appears to have been the intention of Congress to include within the term "corporation" business groups which carry on their affairs and business in the same general manner as do corporations but not an ordinary trust where the donor, for the purpose solely of preserving the estate for the benefit of a beneficiary or beneficiaries, puts the property in the hands of a trustee giving trustee powers in the management of the property and the disbursement of the income which the donor, by reason of the immaturity of the beneficiary, or doubts of the ability of the beneficiary to properly manage his affairs, does not desire the beneficiary to exercise.

I am unable, therefore, to concur in the conclusion of the referee that the petition was improperly filed under section 74 of the Bankruptcy Act (as amended).