William Charles MAYO, a/k/a William
C. Mayo, Individually and as
Trustee, Appellant,

v.

BARNETT BANK OF PENSACOLA,
Appellee.

PCA No. 78–0402.

United States District Court,
N. D. Florida,
Pensacola Division.

April 13, 1978.

Charles S. Liberis, Liberis & Merting,
Pensacola, Fla., for appellant.

G. Miles Davis, Beggs & Lane, Pensacola,
Fla., for appellee.

## MEMORANDUM DECISION

ARNOW, Chief Judge.

This is an appeal from an order entered
by the bankruptcy judge dismissing this
case for lack of jurisdiction. The appeal is
styled as one by William Charles Mayo,
individually and as trustee. However, the
proceedings were brought only by Mayo, as
trustee, seeking Chapter XII relief for the
debtor trust only. The notice of appeal also
was filed by Mayo, as trustee, only.

The bankruptcy judge dismissed the case for the reasons cited in paragraphs 1 and 2 of the motion of Barnett Bank to dismiss. Paragraph 1 contends petitioner is a corporation as defined in Section 1(8) of the Bankruptcy Act since he is a "trustee . . . wherein beneficial interest or ownership is evidenced by certificate or other written instrument." Paragraph 2 contends the trust agreement itself shows the trustee has no power to control the corpus of the trust, conduct any negotiations or otherwise alter or modify the rights of creditors without the express direction of at least 51% of the beneficial interest. Consequently, the Bank contends the trustee, acting alone, does not have the capacity to enter into an arrangement under Section 406(1) of the Act, so beneficiaries holding at least 51% of the beneficial interest in the trust are indispensable parties to the action.

Turning first to paragraph 1, Section 406(6) of the Act, defines a "debtor" as "a person, other than a corporation." "Corporation" is defined in Section 1(8) as including "any business conducted by a trustee . . . wherein beneficial interest or ownership is evidenced by certificate or other written instrument." In this case, while the trust was undoubtedly set up for business purposes, the beneficial interest or ownership was not evidenced by certificate or written instrument other than the trust agreement itself. In *Associated Cemetery Management, Inc. v. Barnes,* 268 F.2d 97 (8th Cir. 1959), the court at 101 and 102 stated that Congress, through the use of the specific language of Section 1(8), had singled out the Massachusetts Trust as qualifying for bankruptcy proceedings and that the absence of the required transferable certificates of interest was fatal. Likewise, in *Pope & Cottle Co. v. Fairbanks Realty Trust,* 124 F.2d 132 (1st Cir. 1941), the court at 135 held that only such trusts are included in the definition of "corporation" as employ some written instrument, other than the trust itself, for the purpose of evidencing the interests of the various beneficiaries. The court further observed the last clause in the definition was apparently inserted to include specifically the "familiar Massachusetts trust."

The trust involved here is an Illinois Land Trust which is recognized in Florida by statute, F.S. § 689.071. Massachusetts Business Trusts are also recognized by statute, F.S. § 609.01—§ 609.08. Comparison of the statutes indicates the attributes of the two types are considerably different, with the Massachusetts Trust having more of the characteristics normally associated with a corporation while the Illinois Land Trust does not.

No case has been cited to, or discovered by, the court dealing with the question whether an Illinois Land Trust is a "corporation" within the meaning of the Bankruptcy Act. The court recognizes the difference between the type of trust here involved and those involved in *Associated Cemetery, supra, Pope & Cottle, supra,* and *In re Bloom,* 10 F.Supp. 806 (N.D.Ill.1935). Nevertheless, in view of the language of Section 1(8) and the interpretation put on it in the cases cited, the court concludes the trust here involved is not within the definition of "corporation" set forth in that section. *See also* 9A Am.Jur.2d, *Bankruptcy,* § 140.

Turning to paragraph 2 of the motion to dismiss, a "debtor" under Section 406(6) of the Act must be "the legal or equitable owner of real property or a chattel real which is security for any debt." Again, no case has been uncovered by the parties or by the court dealing with the question whether the trustee of an Illinois Land Trust is a "debtor" within this definition. In the case of *In re Romano,* 426 F.Supp. 1123 (N.D.Ill.1977) the court, after noting the conflict in holdings of the bankruptcy courts on the point, held the beneficiaries of such a trust were not "debtors" within the definition. In so holding, the court at 1127 stated:

Perhaps the most fundamental purpose of an Illinois land trust is the separation of the benefits accruing to real estate (i. e., income and possession rights), and the legal and equitable title to the property. Under the express terms of the trust

agreement, the beneficiary's interest is defined as personal property and the trustee holds 'the full, complete and exclusive title to the real estate, both legal and equitable.'

F.S. § 689.071 provides that the instrument setting up an Illinois Land Trust is effective to vest in the trustee full rights of ownership over the real property or interest therein. It is further provided that where the recorded instrument contains a provision defining and declaring the interests of beneficiaries to be personal property only, the provision is controlling for all purposes where the determination becomes an issue under the laws or in the courts of this state. The trust agreement here involved provides that the interest of the beneficiaries is personalty and that the beneficiaries shall not have "the legal or equitable right, title or interest, as realty, in or to any real estate held in Trust under this Agreement."

Under the reasoning in *Romano*, it therefore appears the trustee of an Illinois Land Trust is the owner of the real property and, as such, is a "debtor" within the meaning of Section 406(6). In addition, the contention that Mayo, as trustee, does not have the power under the trust to enter into an arrangement as defined in Section 406(1) of the Act without the consent of 51% of the beneficial interest does not result in the beneficiaries being indispensable parties to this action. The right of the beneficiaries to consent or refuse to consent to any arrangement proposed by the trustee is not dependent upon, or affected by, the question whether such beneficiaries are parties to the Chapter XII proceeding.

In remanding this case to the bankruptcy court, a caveat is in order. In its brief, appellee contends Mayo testified at the first meeting of creditors to the effect that no warranty deed had ever been delivered to him by the beneficiaries as required by the trust instrument and that he, individually, was the sole owner of the property. Since this question is not presented by the record on appeal, this court has not considered it and, therefore, makes no determination whether Mayo, individually, is the owner of the property or whether he is the owner, as

trustee. This is a question to be considered by the bankruptcy court.

Order will be entered in accordance with the foregoing.