Hampton J. WALKER, Trustee, Debtor-Appellant,

v.

The FEDERAL LAND BANK OF COLUMBIA, Appellee.

No. 78–305–Civ–J–C.

United States District Court, M. D. Florida, Jacksonville Division.

April 20, 1979.

James E. Miller, Jacksonville, Fla., for debtor-appellant.

Don M. Stichter, Stichter, Stagg, Hoyt, Reidel & Fogarty, P. A., Tampa, Fla., for appellee.

## MEMORANDUM OPINION

CARR, District Judge.

The Appellant in this bankruptcy appeal is Hampton J. Walker as Trustee under a trust agreement known as the "Walker Land Trust". Walker, as Trustee, filed a petition under Chapter XII of the Bankruptcy Act, 11 U.S.C. § 801 *et seq.* Walker also filed the petition individually. The Appellee, a secured creditor of the Appellant, filed a Motion to Dismiss Walker as Trustee, claiming that the trust is not a person eligible to file a petition under Chapter XII. The bankruptcy judge granted the Motion, and Walker took this appeal.

The issue on appeal is whether Walker, as Trustee, is a "debtor", and as such a proper petitioner under Chapter XII, as defined by Section 406(6) of the Bankruptcy Act, 11 U.S.C. § 806(6).[1]

Section 406(6) of the Bankruptcy Act contains three requirements which must be met by a petitioner in order to qualify as a debtor under Chapter XII. A debtor under the statute is a person who (1) could become a bankrupt under Section 4 of the Bankruptcy Act, 11 U.S.C. § 22;[2] (2) is not a corporation; and (3) is a legal or equitable owner of real property or a chattel real which is security for any debt. The parties agree that the trust involved here is not a corporation, and that the trustee is a legal or equitable owner of real property which is security for a debt. The Appellant argues that the inquiry ends there entitling him to validly file the petition. He argues that the first requirement stated above is met as a result of the establishment of the second and third prerequisites. The Appellee contends that in order to become a debtor under Chapter XII, it must be independently determined that the trust could become a bankrupt under Section 4 of the Bankruptcy Act, 11 U.S.C. § 22.

The bankruptcy judge expressly relied on two cases in reaching his conclusion: *Associated Cemetery Management, Inc. v. Barnes,* 268 F.2d 97 (8th Cir. 1959), and *In Re Associated Developers Trust,* 9 C.B.C. 934 (D.Mass.1976 Bky.). The *Associated Developers Trust* case is indistinguishably analogous to the instant case. This Court agrees with the Court below that the sound reasoning contained in that case is controlling here.

The Court in *Associated Developers Trust* was faced with the petition of a private trust without transferable shares under Chapter XII. The Court determined that all three of the requirements of Section 406(6) stated above must be met. As to the

1. "debtor" shall mean a person, other than a corporation as defined in this title, who could become a bankrupt under section 22 of this title, who files a petition under this chapter and who is the legal or equitable owner of real property or a chattel real which is security for any debt, but shall not include a person whose only interest in property proposed to be dealt with by the arrangement is a right to redeem such property from a sale had before the filing of such petition. 11 U.S.C. § 806(6).

2. (a) Any person, except a municipal, railroad, insurance, or banking corporation or a building and loan association, shall be entitled to the benefits of this title as a voluntary bankrupt.

   (b) Any natural person, except a wage earner or farmer, and any moneyed, business, or commercial corporation, except a building and loan association, a municipal, railroad, insurance, or banking corporation, owing debts to the amount of $1,000 or over, may be adjudged an involuntary bankrupt upon default or an impartial trial and shall be subject to the provisions and entitled to the benefits of this title. The bankruptcy of a corporation shall not release its officers, the members of its board of directors or trustees or of other similar controlling bodies, or its stockholders or members, as such, from any liability under the laws of a State or of the United States. The status of an alleged bankrupt as a wage earner or farmer shall be determined as of the time of the commission of the act of bankruptcy. 11 U.S.C. § 22.

first requirement, the Court found that since the trust was not a natural person or a corporation, the controlling question was whether the trust could otherwise be a "person" as defined by Section 1(23) of the Bankruptcy Act, 11 U.S.C. § 1(23).[3] A person is defined under that section as "corporations, except where otherwise specified, and officers, partnerships, and women . . .". Finding that the trust was none of the above, the petition was dismissed. The Court found support in the decision of *Associated Cemetery Management, Inc. v. Barnes,* 268 F.2d 97 (8th Cir. 1959). The Eighth Circuit there held that a private family trust, similar to the one involved in the instant case, was not a person within the meaning of the Bankruptcy Act.

Further support for the proposition that this trust is not a "person" within the meaning and intent of the Bankruptcy Act comes from an examination of the legislative history of the section of the Act which defines "corporation". 11 U.S.C. § 1(8).[4] In 1926 that section was amended specifically to include Massachusetts trusts or common law business trusts, within the definition of "corporation", and thus within the jurisdiction of the bankruptcy court. *See* McLaughlin, *Amendment of the Bankruptcy Act,* 40 Harv.L.Rev. 341, 355–356 (1927). The amendment added to the definition of corporation "any business conducted by a trustee or trustees wherein beneficial interest or ownership is evidenced by certificate or other written instrument." 11 U.S.C. § 1(8). The necessity for the amendment signifies two points: (1) before the amendment trusts generally did not come under bankruptcy jurisdiction, and (2) after the amendment, only the Massachusetts or common law business trust did. *See Pope and*

*Cottle Co. v. Fairbanks Realty Trust,* 124 F.2d 132, 135 (1st Cir. 1941). *Cf. In re Hiller's Estate,* 240 F.Supp. 504 (N.D.Cal. 1965) (The estate of a decedent is not a "person" within the meaning of Section 1(23) of the Bankruptcy Act.).

The Appellant relies mainly on the case of *Mayo v. Barnett Bank of Pensacola,* 448 F.Supp. 250 (N.D.Fla.1978), which was decided after the bankruptcy judge's order in this case. In *Mayo,* the District Court reviewed the order of the bankruptcy judge which had dismissed the Chapter XII petition of a trustee of an Illinois Land Trust. The trustee had been dismissed by the bankruptcy court on two grounds. The bankruptcy judge held (1) that the trust was a corporation as defined by Section 1(8) of the Bankruptcy Act, and (2) that the trustee did not have the power to control the corpus of the trust to the extent that he could be called a legal or equitable owner of the property. After analysis, the district court correctly found that the trust was not a corporation within the meaning of the Bankruptcy Act, and that the trustee was the owner of the real property. Based on these findings alone, the court held that the trustee was a debtor under Section 406(6) of the Bankruptcy Act, and reversed the bankruptcy court.

It does not appear that the question of whether the trust could become a bankrupt under Section 4 of the Bankruptcy Act, the first requirement stated above, was raised before the court in *Mayo.* For this reason, *Mayo* cannot be controlling here, despite the fact that it is otherwise indistinguishable.

Appellant also relies on *In re Bloom,* 10 F.Supp. 806 (N.D.Ill.1935). In *Bloom* the referee to whom the case was referred filed

---

**3.** (23) "Persons" shall include corporations, except where otherwise specified, and officers, partnerships, and women, and when used with reference to the commission of acts which are forbidden under this title shall include persons who are participants in the forbidden acts, and the agents, officers, and members of the board of directors or trustees or of other similar controlling bodies of corporations. 11 U.S.C. § 1(23).

**4.** (8) "Corporation" shall include all bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships and shall include partnership associations organized under laws making the capital subscribed alone responsible for the debts of the association, joint-stock companies, unincorporated companies and associations, and any business conducted by a trustee or trustees wherein beneficial interest or ownership is evidenced by certificate or other written instrument. 11 U.S.C. § 1(8).

834

a report saying that the petition should be dismissed on the ground that the petitioner, as trustee, was a corporation within the meaning of the Bankruptcy Act. The district court, on appeal, simply held that the trustee was not a corporation, and that the petition was thus properly filed. Again, the finding, although not the conclusion, of the court in *Bloom* is correct, as far as it goes. However, the lack of a comprehensive analysis renders the decision inapposite to the instant case.

In sum, the Court finds the arguments of the Appellee to be meritorious, and holds that each of the three requirements of Section 406(b) stated above must be met by a party seeking to file a petition under Chapter XII of the Bankruptcy Act. In this case, Walker, as Trustee, is not a person who could become a bankrupt under Section 4 of the Bankruptcy Act. As a result, he cannot be a "debtor" under Section 406(6) of the Act, 11 U.S.C. § 806(6). The decision of the bankruptcy court shall be affirmed.

An Order in accordance with this opinion shall be entered simultaneously herewith.