LEVIN H. CAMPBELL, Circuit Judge.
 

 Appellant Nancy Cantor, Trustee of the Cantor Monson Trust, filed a petition under Chapter XII of the Bankruptcy Act, 11 U.S.C. §§ 801-926. The bankruptcy judge dismissed the petition on the ground that the Trust was not a proper party to file a Chapter XII petition. Mrs. Cantor appealed to the district court, asserting that she, not the Trust, was the party seeking the bankruptcy proceeding. The district court affirmed the bankruptcy judge’s order, finding that “the record supports the conclusion that the debtor here is the Trust and not the ‘person’ of Nancy Cantor.” We affirm.
 

 In July 1975 the Trust purchased property from the Wilbraham and Monson Academy, appellee, for $325,000. The Trust paid $125,000 as a down payment, and a mortgage was executed for the $200,000 balance plus interest. Subsequently, the Trust failed to make mortgage payments as they came due. In November 1976 the Academy instituted foreclosure proceedings on the property. After some delay, a foreclosure sale was slated for October 28, 1977. On October 27 Mrs. Cantor filed her Chapter XII petition and the foreclosure proceeding was halted. At oral argument the parties reported that the foreclosure is still being held in abeyance pending this appeal.
 

 Mrs. Cantor apparently concedes that the Trust would not be a proper party to seek a Chapter XII proceeding. Under the Bankruptcy Act, 11 U.S.C. §§ 821-822, only a “debtor” may file a Chapter XII petition. The Act defines a “debtor” as “a person, other than a corporation as defined in this title, who could become a bankrupt under section 22 of this title, who files a petition under this chapter and who is the legal or equitable owner of real property or a chattel real which is security for any debt . . .” 11 U.S.C. § 806(6).
 

 So-called Massachusetts or business trusts, those having transferable shares, are specifically included within the statutory definition of “corporation,” 11 U.S.C. § 1(8), and as such are excluded from the provisions of Chapter XII.
 
 [1]
 
 .
 
 See In Re Associated Developers Trust,
 
 2 Bankr. Ct. Dec. 903, 904 n.2 (D.Mass.1976);
 
 Farr v. Leatherbee,
 
 2 Bankr. Ct. Dec. 595, 596 (D.Mass.1976). Trusts without transferable shares, such as ordinary family trusts, are also excluded from Chapter XII, since it has been held that they do not fall within the statutory definition of a person who could become a bankrupt under section 22.
 
 Associated Cemetery Management, Inc. v. Barnes,
 
 268 F.2d 97, 101-02 (8th Cir. 1959);
 
 In Re Associated Developers Trust,
 
 2 Bankr. Ct. Dec. 903, 904 (D.Mass.1976) (“[Jurisdiction must be granted to the court by the Congress in. the Bankruptcy Act, and jurisdiction of private trusts without transferable shares has not been so granted.”)
 

 Appellant seeks to elude these settled principles of law by characterizing her action as one on behalf of herself as an individual. Her claim is that she, as trustee, is the legal owner of the property in issue and that she is personally liable for the debt to the Academy. According to appellant, she falls within the literal definition of a person who could seek bankruptcy under section 22, so that she must also be a “debtor” for purposes of Chapter XII jurisdiction.
 

 
 *34
 
 Mrs. Cantor’s argument is theoretically supported, at least to some extent, by a line of Massachusetts cases holding that a trustee is personally liable on any contract made on behalf of the trust unless the agreement of the parties is to the contrary.
 
 See Anglo-American Direct Tea Trading Co. v. Seward,
 
 294 Mass. 349, 2 N.E.2d 448 (1936);
 
 Larson v. Sylvester,
 
 282 Mass. 352, 185 N.E. 44 (1933);
 
 Carr v. Leahy,
 
 217 Mass. 438, 105 N.E. 445 (1914);
 
 Mason v. Pomeroy,
 
 151 Mass. 164, 24 N.E. 202 (1890);
 
 see also
 
 23 Mass. Practice § 1597 (1962). As stated in
 
 Carr v. Leahy,
 
 the rule of these cases is: “If a trustee contracting for the benefit of a trust wants to protect himself from individual liability on the contract, he must stipulate that he is not to be personally responsible, but that the other party is to look solely to the trust estate.” 217 Mass, at 440, 105 N.E. at 445.
 
 See also
 
 III Scott on Trusts § 262 (3d ed. 1967).
 
 [2]
 

 The district court rejected Mrs. Cantor’s argument on two grounds. First, the court said, the Declaration of Trust that established the Cantor Monson Trust contained a clause limiting the trustee’s personal liability. This clause, Article XI, provides:
 

 “Unless otherwise specifically set forth and provided within the subject contract and/or instrument, in every written contract made by the Trustee
 
 where reference is had to this instrument,
 
 any person contracting or dealing with the Trustee shall look to the Trust corpus and not to the Trustee individually nor to the beneficiaries for payment of any debt, note, mortgage, judgment or decree . . . ” (Emphasis added.)
 

 The district court, however, made no specific finding that the mortgage contract contained any such reference to the trust instrument. As the relevant documents are not included in the record on appeal, we are unable to determine this issue, even assuming it was raised below by either party and is properly before us.
 

 The court’s second reason for rejecting appellant’s position rests on an incomplete statement of the law. The court stated that “principles of trust law recognize the limitations on trustee’s liabilities.” In fact, the principles of trust law as stated by this court indicate that the trustee’s liability will be limited by a clause in the trust agreement only where the third party contracting with the trustee had effective notice of the limitation.
 
 James Stewart &
 
 Co..
 
 v. National Shawmut Bank,
 
 75 F.2d 148, 149 (1st Cir.),
 
 cert. denied,
 
 294 U.S. 722, 55 S.Ct. 549, 79 L.Ed. 1254 (1935);
 
 see
 
 III Scott on Trusts § 263.2 (3d ed. 1967).
 

 We need not consider, however, whether the absence of a valid determination as to Mrs. Cantor’s potential personal liability for the Trust’s debts warrants a remand,
 
 [3]
 
 for we agree with the district court that Mrs. Cantor’s petition did not allege sufficient facts to show that she, and not the Trust, should be regarded as the true bankruptcy petitioner. However Mrs. Cantor may now characterize her appeal, her petition in the bankruptcy court related not to her own financial situation but to that of the Trust. The petition stated that petitioner — Mrs. Cantor — “has real estate of the Trust.” It stated that “petitioner is the legal owner of the real property which is security for debts.” While paragraph five stated that “Your petitioner is unable to pay the Trust debts as they ma
 
 *35
 
 ture” it was not stated that any creditor was attempting to proceed against Mrs. Cantor personally for the Trust debts nor was it indicated that the value of the real estate would not cover the debt. The only relevant proceeding which appears of record was the foreclosure sale by which the Academy was seeking to regain its former property.
 

 Under these circumstances and in light of the settled rule that a trust as such may not proceed under Chapter XII, we think the district court was entirely justified in finding that “the debtor here is the Trust and not the ‘person’ of Nancy Cantor.” To hold otherwise would be to circumvent the rule limiting Chapter XII to individuals and partnerships,
 
 see In Re Fairbanks Realty Trust,
 
 40 F.Supp. 77, 78 (D.Mass.),
 
 aff’d sub nom. Pope & Cottle Co. v. Fairbanks Realty Trust,
 
 124 F.2d 132 (1st Cir. 1941), by permitting a trustee to secure treatment as an individual simply by stating the obvious — namely that as trustee he is the legal owner of the trust’s real property and may be subject in certain circumstances to personal liability.
 

 While there is no directly relevant circuit authority, we are confirmed in our opinion by the case of
 
 Walker
 
 v.
 
 Federal Land Bank of Columbia,
 
 468 F.Supp. 831 (M.D.Fla.1979), in which Walker, the trustee of the Walker Land Trust, filed a Chapter XII petition “as Trustee.” The district court upheld the bankruptcy judge’s dismissal of this petition on the authority of
 
 Associated Cemetery Management, supra,
 
 and'In
 
 Re Associated Developers Trust, supra.
 
 Under those cases, the Florida court said, the trust could not become a bankrupt under the Act. It followed that “Walker, as Trustee, is not a person who could become a bankrupt under Section 4 of the Bankruptcy Act.” 468 F.Supp. at 834. The court distinguished two other cases in which trustees had been permitted to proceed as individuals on the ground neither case had directly addressed the issue.
 
 See Mayo v. Barnett Bank of Pensacola,
 
 448 F.Supp. 250 (N.D.Fla.1978);
 
 In Re Bloom,
 
 10 F.Supp. 806 (N.D.Ill.1935).
 

 In deciding this case, we need not hold there may never be circumstances in which a trustee who becomes personally liable for trust debts could file a Chapter XII petition. We hold only that on the facts appearing here the trustee is clearly barred from proceeding under Chapter XII on the same rationale that prohibits the trust itself from maintaining a Chapter XII action.
 
 See Associated Cemetery Management, Inc.
 
 v.
 
 Barnes,
 
 268 F.2d 97 (8th Cir. 1959).
 
 [4]
 

 Appellee’s motion to assess damages against appellant for instituting a frivolous appeal,
 
 see
 
 Fed.R.App.P. 38, presents a close question. Appellant’s failure to allege that any creditor is seeking or will seek to enforce personal liability of the trustee, or to present underlying facts that might lend credibility to her claim of personal liability and distinguish her position meaningfully from that of the Trust, suggests that while the law was not so clear as to render an appeal technically frivolous, yet her claim was not a serious one. On the other hand, appellee must share some of the responsibility for the murky state of the record, and we are not persuaded, perhaps from a greater sense of charity than is warranted, to impose penalties at this time.
 
 Compare Good Hope Refineries, Inc. v. R.D. Brash-ear,
 
 588 F.2d 846, 848 (1st Cir. 1978).
 

 Affirmed; usual costs to appellee.
 

 [1]
 

 . The Cantor Monson Trust appears from the trust agreement to be a trust having transferable shares, but for reasons discussed in the text, we need not decide this factual issue.
 

 [2]
 

 . The Massachusetts legislature changed this rule in 1976, the change to take effect on January 1, 1978. Under the new statute, Mass. Gen. Laws Ann. c. 203, § 14A (Supp.1979), a trustee acting properly on behalf of the trust is not personally liable on a contract unless the contract provides for liability, or unless the trustee fails to reveal his representative capacity and identify the trust estate in the contract. This statute took effect after the transactions that form the basis of this lawsuit, and neither party contends that the statute should apply to this case.
 

 [3]
 

 . Appellant did not state in her petition any facts from which it can be ascertained whether the appellee was apprised of the limitation on her liability, nor assuming the relevant information reached the bankruptcy court, did she see that such evidence was placed in the record on appeal. We would, of course, not remand in any event were we to conclude that appellant bore the burden of coming forward with such evidence, or that she had failed sufficiently to alert the lower court to the issue.
 

 [4]
 

 . The old Bankruptcy Act has recently been replaced with a new version, Pub.L. No. 95-598, 92 Stat. 2549 (enacted Nov. 6, 1978; effective Oct. 1, 1979). This opinion deals only with the law as it existed when the petition in bankruptcy was filed in this case.