In re **TREASURE ISLAND LAND TRUST, Debtor.**

**Bankruptcy No. 79–841–ORL–BK–GP.**

United States Bankruptcy Court,
M. D. Florida,
Orlando Division.

Jan. 29, 1980.

Denis L. Durkin, Baker & Hostetler, Orlando, Fla., for debtor.

William L. Eagan, Arnold, Matheny & Eagan, Orlando, Fla., for movants.

## MEMORANDUM DECISION

GEORGE L. PROCTOR, Bankruptcy Judge.

The petition in this cause was filed in the name of Treasure Island Land Trust (the "Trust") on November 28, 1979. On November 30, 1979, R. E. Carrigan, Jr., and Lester E. Larson (the "Movants"), secured creditors, moved to dismiss the petition on the basis that the Trust is not entitled to be a debtor under the Bankruptcy Code. A hearing on the motion was held on January 9, 1980.

The Trust was created by contractual document entitled "Land Trust Agreement," dated March 26, 1971, between the trustee and various named beneficiaries. There have been certain modifications to the contract, but none that change the nature of the agreement or that are otherwise pertinent to the arguments here.

Section 109(a) of the Bankruptcy Code (the "Code") (11 U.S.C. Section 109) states that "only a person that resides in the United States, or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title." Section 109(d) then states that "[o]nly a person that may be a debtor under chapter 7 of this title, except a stockbroker or a commodity broker, and a railroad may be a debtor under chapter 11 of this title." Section 101(30) of the Code defines "person" to include individuals, partnerships, and corporations. Section 101(8)(A)(v) defines "corporation" to include business trusts.

Under prior law, section 1(8) of the Bankruptcy Act defined "corporation" substantially the same as section 101(8) of the Code, with the exception that the new Code includes all business trusts, while section

1(8) of the old Bankruptcy Act only included "any business conducted by a trustee or trustees wherein beneficial interest or ownership is evidenced by certificate or other written instrument." This last requirement had been strictly construed by the courts. *See, e. g., Associated Cemetery Management, Inc. v. Barnes*, 268 F.2d 97 (8th Cir. 1959); *Walker v. Federal Land Bank of Columbia*, 468 F.Supp. 831 (M.D.Fla.1979). In eliminating the requirement of written instruments, Congress has presumably made it possible for a broader variety of trusts to obtain relief in the bankruptcy courts. *See, Collier on Bankruptcy* (15th Ed.), Section 101.08. It is under such a broader definition that the Trust seeks to qualify as a debtor.

### A

In two excellently written memoranda, the debtor contends that it is a business trust. In their also able briefs, movants point to the language in the trust instrument specifically stating that the Trust is not a business trust. Debtors invoke the maxim of "substance over form," and urge the Court to look at the true nature of the Trust.

■ The debtor asserts that it is an "Illinois Land Trust" organized under the laws of Illinois. As a base of argument, it cites Ill.Ann.Stat. ch. 29, sec. 8.31 to show that the definition of a land trust under Illinois law is consistent with the general characteristics of a business trust. However, nowhere in the trust instrument is the debtor identified as an "Illinois Land Trust" or does even the word "Illinois" appear. To the contrary, paragraph 19 of the instrument states in its entirety: "FLORIDA LAW GOVERNS CONSTRUCTION: this Agreement shall be construed in accordance with the Laws of the State of Florida." Thus, the law of Illinois is of no weight in the construction of the instrument. "Illinois Land Trust" is a generic label, not a statement of legal existence.

The focus then shifts from the definition of a land trust under Illinois law to the question of whether this particular trust has the characteristics of a business trust.

■ The basic distinction between business trusts and nonbusiness trusts is that business trusts are created for the purpose of carrying on some kind of business or commercial activity for profit; the object of a nonbusiness trust is to protect and preserve the trust res. The powers granted in a traditional trust are incidental to the principal purpose of holding and conserving particular property, whereas the powers within a business trust are central to its purpose. It is the business trust's similarity to a corporation that permits it to be a debtor in bankruptcy.

■ The debtor points to, and the Court notes, that the Trust shares several characteristics with a corporation. The Trust was not created by a grant of a settlor, but was formed through the voluntary association of unrelated persons and subscriptions sold through a prospectus. The "beneficial interests" are very much like shares in that they are equal in value, held by a large number of people in varying amounts, and are transferrable. However, the interests are not reified in written instruments.

The trust instrument itself rejects any construction of it as a business trust. Paragraph 5 states, in its entirety:

5. OBJECTS AND PURPOSES OF TRUST:

The objects and purposes of this Trust shall be to hold title to the trust property and to protect and conserve it until its sale or other disposition or liquidation. The TRUSTEE shall not manage or operate the trust property nor undertake any other activity not strictly necessary to the attainment of the objects and purposes stated herein; *nor shall the TRUSTEE transact business of any kind* with respect to the trust property within the meaning of Chapter 609 of the Florida Statutes, or any other law; *nor shall this agreement be deemed to be, or create or evidence the existence of a corporation* de facto or de jure, *or a* Massachusetts Trust, or any other type of *business trust,*

or an association in the nature of a corporation, or a co-partnership or joint venture by or between the TRUSTEE and the BENEFICIARIES, or by or between the BENEFICIARIES. (emphasis added)

The debtor urges the Court to look beyond the terminology of the instrument at what it insists are the economic realities of the situation.

In its brief, the debtor claims that the Trust was created to enable the participants to carry on a business and divide the gains and that the Trust in fact operates as a business enterprise. Support for this contention is based on a ruling in the United States District Court for the Middle District of Florida that the Trust's sale of subscriptions to purchasers constitutes a sale of securities under applicable securities law, *SEC v. Hermil, Inc.*, Case No. 71–141–Orl–Civ–Y. Sale of securities, debtor asserts, is a clear indicium of a business purpose.

Were there nothing else before it, the Court might find this argument persuasive. However, not only is the debtor unable to point to any business activity in which it was actively engaged, the Court is faced with continuous conduct and assertions to the contrary.

In August, 1979, the trustee of Treasure Island Land Trust filed a motion in the *SEC v. Hermil* case to clarify her position as trustee. The ruling she sought, and which she obtained, was that the collection of assessments was necessary to preserve and protect assets and properties of the Trust. No mention was made of carrying on a business enterprise.

In its schedules and statement of affairs filed in this Chapter 11 proceeding, in response to question 1b, "In what business are you engaged?", the debtor answered, "Purchase of land and holding for resale at a profit." The Court notes that the debtor lists no trade creditors or other debts that customarily result from the conduct of business; the unsecured creditors are principally the accountants and the lawyers.

As the debtor suggests, the Court cannot close its eyes to the economic realities of the situation. The Trust sought, at all costs, to avoid the registration requirements of the securities laws. Now that its form has proven inadequate for its intended purposes, the debtor seeks to abandon it and escape its consequences altogether.

On the one hand, it can be argued that the creators of the trust were free to select the form and language, and that by gambling as to its future construction they assumed whatever risks may ultimately befall them. On the other hand, the debtor might claim that it is being whipsawed, being called a business for securities regulation purposes but not for bankruptcy purposes. Having run afoul of the securities laws, should the debtor be permitted to turn the SEC's arguments to its own advantage? Or should an estoppel theory prevail, binding the debtor to its own representations?

This is an equitable problem which can only be answered by equitable considerations. Equity embraces consistency. It is clear that, in its own view, Treasure Island Land Trust became a business trust on or about November 29, 1979, the day after it filed its petition. It had not registered with the State of Florida as a business trust as required by ch. 609, *Florida Statutes.* The debtor correctly points out that by virtue of the Supremacy Clause of the United States Constitution, Article VI, this failure to register cannot affect its eligibility for relief under the bankruptcy laws. However, it does give a reading of the Trust's intent. The debtor argues that failure to comply with the registration requirement cannot affect the legal existence or nature of the Trust. It draws an analogy to the provisions of Florida foreign corporation law. If a foreign corporation fails to comply with applicable registration requirements, its contracts, deeds, mortgages, security interests, liens or other acts are nonetheless valid. The corporation is only precluded from maintaining an action, suit, or proceeding in a state court until it complies

with the statutory requirements. *Fla.Stat.* sec. 607,354. A failure to comply with registration requirements does not, however, deprive a foreign corporation of its existence as a legal entity. If the Court may continue the analogy, much as an unregistered corporation is precluded from the state courts, the existence and validity of the Trust are not here in issue, merely its right to seek relief in the bankruptcy court.

In what might otherwise be a close question, the debtor's course of conduct since its inception causes the Court to refuse to permit the debtor to baldy deny the language of the trust instrument. Treasure Island Land Trust does not qualify as a business trust within the meaning of Section 101(8)(A)(v).

### B

■ If the trust is not a corporation, the next inquiry is to whether it can otherwise be a debtor. The definition of "person" in sec. 101(30) states that " 'person' *includes* individual, partnership, and corporation, but does not include governmental unit." (emphasis added) Because the definition is non-exclusive, one could argue that a trust might qualify as some other category of debtor.

Under the old Chapter XII of the Bankruptcy Act, debtors eligible for relief were limited to persons other than corporations. Sec. 406(6). Debtors seeking relief under that Chapter thus sought to avoid corporate status. Massachusetts trusts were included in the definition of corporation in Section 1(8) of the Act. The question, then, was whether a simple land trust, not a natural person and not a corporation could otherwise be a "person."

In *Walker v. Federal Land Bank of Columbia, supra,* this Court held that a land trust was not a person within the meaning of Chapter XII. This conclusion has been reached by other courts as well. *See, e. g., Cantor v. Wilbraham and Monson Academy,* 609 F.2d 32 (1st Cir. 1979); *Associated Cem-*

*etery Management, Inc. v. Barnes, supra; In re Associated Developers Trust,* 2 B.C.D. 903, 9 C.B.C. 434 (D.Mass.1976 Bky).

Far more problematic is the holding in *Mayo v. Barnett Bank of Pensacola,* 448 F.Supp. 250 (N.D.Fla.1978). There, the court ruled that an Illinois Land Trust was not a corporation and thus was eligible for relief under Chapter XII. The case is troubling for both sides. The debtor here styles itself an Illinois Land Trust, yet seeks relief as a corporation. The movants can take heart in the rationale of *Mayo,* but cannot approve of the result. This court chooses to avoid the implications of *Mayo,* whatever those implications may be, on three grounds:

1. Treasure Island Land Trust is factually distinguishable, in that the *Mayo* trust was an Illinois Land Trust "undoubtedly set up for business purposes." 17 C.B.C. at 9.

2. The decision was not within this District. *See Walker,* 20 C.B.C. at 687.

3. The case was decided under Chapter XII, not Chapter 11.

This last reason, that Chapter XII decisions are inapplicable here, has been advanced by the debtor to escape the rule of the *Walker* case. Yet the debtor has been unable to point to, and the Court is unable to find, anything in the legislative history of the Bankruptcy Reform Act that indicates that Congress intended to expand the category of debtors eligible for relief to include simple trusts. Pub.L. 95–598 was entitled the Bankruptcy *Reform* Act. If the plain meaning of the statute does not contradict the old law, and if no intention to alter the Bankruptcy Act can be divined from the legislative materials, this court must assume that there has been no change. Any trust, business or nonbusiness, may be an entity under 11 U.S.C. sec. 101(14), but not every entity can be a debtor.

The remaining grounds for dismissal asserted by movants are not appropriate at the threshold of a Chapter 11 proceeding.

In view of the foregoing discussion, the court shall enter an order granting the motion to dismiss.