In re OLD SECOND NATIONAL BANK OF AURORA, a National Banking Institution, as Trustee under Land Trust agreement dated March 4, 1975 and known as Trust No. 2206, Debtor.

Bankruptcy No. 80 B 7620.

United States Bankruptcy Court, N. D. Illinois, E. D.

Oct. 20, 1980.

MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

The United States Trustee for the Northern District of Illinois filed a motion to dismiss this case for lack of subject matter jurisdiction. Union Realty Mortgage, Co., Inc., a creditor, supports the trustee's motion and has filed a supporting memorandum. The movants assert that Old Second National Bank of Aurora (Old Second), petitioner herein, as trustee under Trust No. 2206 dated March 4, 1975 is not a debtor under Title 11 of the United States Code (Bankruptcy Code).

The issues presented by this motion are whether Old Second, as a trust, may be an eligible debtor, or whether Old Second, as trustee of a trust, may be an eligible debtor under the Bankruptcy Code. For the reasons set forth herein, the court finds that Old Second cannot be a debtor in either situation.

A. *May Old Second, As A Trust, Be A Debtor?*

■ The Bankruptcy Code, in its definition section, defines eligible debtors. The Code first defines entity to include "person, estate, trust, governmental unit." 11 U.S.C. § 101(14). Only two of the defined entities are eligible debtors because "... only a person ... or a municipality may be a debtor under this title." 11 U.S.C. § 109(a). Therefore, the general rule is that trusts and estates are not eligible debtors. The legislative history of the Bankruptcy Code supports the above–mentioned general rule: "Person is defined in paragraph ... [30] ... the definition does not include an estate or a trust...." H.Rep. No.95–595, 95th Cong., 1st Sess. 313 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787; S.Rep.No.95–989, 95th Cong., 2d Sess. 25 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. Based on the general rule, Old Second as a trust cannot be an eligible debtor under the Bankruptcy Code.

However, there is an exception to the general rule holding trusts not eligible as debtors under the Bankruptcy Code. Old

Second may be a debtor if Old Second comes within the Code's definition of "person." The Code states that "person" "includes individual, partnership and corporation . . . ." 11 U.S.C. § 101(30). Old Second is not an individual, nor a partnership, but Old Second may be a 'corporation' within the meaning of the Code. A 'business trust,' is within the Code's definition of 'corporation.' 11 U.S.C. § 101(8)(A)(v). If Old Second is a business trust, it is an eligible debtor within the exception to the general rule. For the following reasons, the Court finds that Old Second is not a business trust and thus not an eligible debtor.

■ Business trusts are eligible debtors because Congress recognizes the similarity between business trusts and corporations. A recent case holding that a land trust was not a business trust eligible for Chapter 11 relief said:

> . . . business trusts are created for the purpose of carrying on some kind of business or commercial activity *for profit* ; the object of a non–business trust is to protect and preserve the trust *res*. . . . It is the business trust's similarity to a corporation that permits it to be a debtor in bankruptcy.

*In re Treasure Island Land Trust*, 5 B.C.D. 1246, at 1247, 2 B.R. 332 (Bkrtcy.1980) (emphasis supplied). An examination of the trust agreement convinces the court that it is not a business trust. Old Second has not sold securities, has no trade creditors, it does not carry on business under a distinct name, there is no Board of Directors, the trustee has virtually no management power without written consent of the beneficiary, there are no certificates of participation and the primary purpose of the trust is to merely hold title to the property. The trust under which Old Second is trustee exhibits none of the characteristics of a business trust. The trust is merely a land trust, the primary purpose limited to holding title to

real property. The trust does not operate any business or conduct commercial activity for profit. Thus there is no business to reorganize pursuant to the purpose of Chapter 11.

Finally, two reported cases decided under the new Bankruptcy Code have held that a land trust may not be a debtor under the Bankruptcy Code. *In re Treasure Island Land Trust, supra,* held that a land trust may not be a debtor under the Bankruptcy Code. *In the Matter of Cohen, Trustee,* 6 B.C.D. 358, 4 B.R. 201 (Bkrtcy.1980), held that the trustee of a land trust may not be a debtor under the Bankruptcy Code. Both cases applied the Code to facts of the trust agreement and concluded that land trusts were distinguishable from business trusts and thereby not eligible as debtors. Old Second's interpretation of Ill.Rev.Stat., Chapter 29, § 8.31, defining Illinois land trusts as consistent with the general characteristics of a business trust is simply wrong. See *In re Treasure Island Land Trust, supra,* and *In the Matter of Norman Cohen, supra.*

B. *May Old Second, As Trustee Of This Trust, Be An Eligible Debtor?*

■ Based on part A above, the court finds that Old Second, as trustee under Trust No. 2206, is not an eligible debtor under the Bankruptcy Code. Old Second is not a person within the meaning of the Bankruptcy Code. Old Second, as a corporation is an eligible debtor*, but Old Second *as trustee* is not an eligible debtor. In *Cantor v. Wilbraham and Monson Academy,* 609 F.2d 32 (1st Cir. 1979), the court held that the trustee of a land trust was not a debtor within the meaning of the Bankruptcy Act, stating:

> To hold otherwise, would be to circumvent the role limiting Chapter XII to individuals . . . by permitting a trustee to secure treatment as an individual simply by stating the obvious—namely, that as trustee, he is the legal owner of the trust's real property . . . *id.* at page 35.

---

* Banking and insurance corporations are generally excluded from relief under the bankruptcy laws because they are entities for which alternate provision is made for liquidation under various regulatory laws. (11 U.S.C. § 109(b) and (d).) However, this point has not been raised by the pleadings.

Old Second's reliance on *Matter of Maidman*, 2 B.R. 569 (Bkrtcy.1980) is misplaced. The *Maidman* court, *id.* at page 574, N. 22 rejected the proposition that the *trustee* of the land trust was the debtor by stating: "that the 'debtor' is the land trust is made clear ... (citing *Cantor, supra*)." Thus, Old Second, as *Trustee* cannot look to *Maidman* for support (See also *Id.*, at 578, N. 44). Moreover, although *Maidman* held that the land trust was an eligible debtor, the court's reasoning was based on Chapter XII of the Bankruptcy Act, not on Chapter 11 of the Bankruptcy Code. Finally, *Maidman* is *contra* the weight of authority of most Chapter XII cases. See *Walker v. Federal Land Bank of Columbia*, 468 F.Supp. 831 (1979); *Associated Cemetery Management, Inc. v. Barnes*, 268 F.2d 97 (8th Cir. 1959); *Cantor v. Wilbraham and Monson Academy, supra*; *In the Matter of Associated Developers Trust*, 9 C.B.C. 434 (1976); all holding land trusts not eligible debtors under the Bankruptcy Act.

For the foregoing reasons, it is held that Old Second, as trustee under Land Trust Agreement dated March 4, 1975, is neither a person nor a business trust and therefore is not eligible to be a debtor under the Bankruptcy Code.

IT IS THEREFORE ORDERED that the motion to dismiss for lack of subject matter jurisdiction is granted, the parties to bear their own costs.