In re John M. CAHILL, M.D. Associates Pension Plan, Debtor.

Bankruptcy No. 81–02584K.

United States Bankruptcy Court,
E. D. Pennsylvania.

Dec. 7, 1981.

Arthur E. Dennis, Philadelphia, Pa., for debtor.

George J. Meng, Philadelphia, Pa., for Richard D. Solo, Edward B. Bergman and Donald J. Padova, trustees, secured creditor.

## MEMORANDUM OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on a motion, brought by a secured creditor, to dismiss the Chapter 11 case. The issue is whether this pension plan is a trust and, therefore, not eligible for relief under the Bankruptcy Code. The Court finds that this debtor is not entitled to relief. The motion to dismiss will be granted.[1]

The debtor, John M. Cahill, M.D. Associates Pension Plan, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 2, 1981. Hearing on the motion was held on September 21, 1981. The Court heard oral argument and decision was reserved on the matter.

The moving party holds a mortgage on real property of the debtor. It is alleged that this property produces income which funds the pension plan. All documents introduced into evidence were signed by "John Cahill, M.D., Trustee of the John M. Cahill M.D. Associates Pension Plan".

The basis for the mortgagee's motion to dismiss is that this debtor is a trust and, therefore, not eligible for relief under Chapter 11 of the Bankruptcy Code. Counsel for the debtor, however, asserted that broad relief was intended to be granted under Chapter 11 and that this type of entity was not specifically excluded from relief by the Code.

■ As a general matter, trusts are not eligible for relief in Bankruptcy. *In re Associated Cemetery Management, Inc.,* 170 F.Supp. 298 (W.D.Mo.1958) affirmed 268 F.2d 97 (8th Cir. 1959). The policy behind this exclusion is that trusts do not have a separate legal existence from the trustees. *Associated, supra.* A trust can only obtain

---

1. This Opinion constitutes findings of fact and conclusions of law as required by Bankruptcy Rule 752.

relief in bankruptcy if it qualifies as a corporation. *Associated, supra.*[2]

Chapter 1 of the Bankruptcy Code, entitled "General Provisions", provides valuable guidance in this matter.[3] Section 109(d) provides that only a "person" may be eligible for relief in Chapter 11. Section 101(30) defines "person" to include an " . . . individual, partnership, or corporation". It cannot be argued that this case involves an individual or partnership. This debtor, therefore, must qualify as a corporation or chapter 11 relief cannot be granted. Section 101(8) defines corporation to include an entity labelled the "business trust".[4] No other section of the Code could be interpreted to grant relief for this debtor. This pension plan must qualify as a business trust of the case must be dismissed.

Business trusts have been included in the definition of corporation because Congress judged that such entities have " . . . the power or privilege that a private corporation . . . has . . . ."[5] All other trusts, however, are ineligible for relief in Chapter 11. Trusts are included in the definition of entity.[6] Only persons and not entities, as defined by the Code, are entitled to Chapter 11 relief.[7]

The cases support this position. Under the Bankruptcy Act, land trusts, wherein the trustee held title to property for the benefit of others, were ineligible for relief in bankruptcy. *In re Treasure Island Land Trust,* 2 B.R. 332 (M.D.Fla.1980); *Matter of Maidman,* 2 B.R. 569 (S.D.N.Y.1980). The same treatment is given to such entities under the Bankruptcy Code. *Matter of Cohen,* 4 B.R. 201 (S.D.Fla.1980); *In re Old Second National Bank of Aurora,* 7 B.R. 37 (N.D.Ill.1980).

In this case, the income of the property is held for the benefit of the bene-

ficiaries of the pension plan. This activity, it is alleged, is sufficient to consider this arrangement a business trust for purposes of the Code. In a business trust, the beneficiaries hold an interest more in the nature of a corporation than a trust; including, for example, certificates of ownership. *See, Mayo, supra; Cantor, supra.* This trust, however, does not exhibit the required features. The Court finds this case to be very similar to the case of *In re Associated Cemetery Management, Inc., supra.* In that case, a profit-sharing trust established by a corporation for the benefit of its employees, was found ineligible for relief in bankruptcy. In this case, the Court is confronted with a private trust which funds a pension plan, which is not a business trust. This Court agrees completely with the rationale and reasoning expressed in the *Associated* case. A research of the case law has not unearthed any support for the debtor's position. Therefore, an Order will be entered dismissing the case.

---

2. See, also, *Mayo v. Barnett,* 448 F.Supp. 250 (N.D.Fla.1978); *Cantor v. Wilbraham,* 609 F.2d 32 (1st Cir. 1979); *Walker v. Federal Land Bank of Columbia,* 468 F.Supp. 831 (M.D.Fla. 1979).

3. 11 U.S.C. § 101 *et seq.*

4. 11 U.S.C. § 101(8)(A)(v).

5. House Report No. 95–595, 95th Cong. 1st Sess. (1977) 309. Senate Report No. 95–989, 95th Cong. 2nd Sess. (1978) 22, U.S.Code Cong. & Admin.News 1978, p. 5787.

6. 11 U.S.C. § 101(14).

7. 11 U.S.C. § 109(d).