**In the Matter of BETTY L. HAYS TRUST, Debtor.**

**Bankruptcy No. BK86–2135.**

United States Bankruptcy Court, D. Nebraska.

Oct. 9, 1986.

---

Rodney Cathcart, Lincoln, Neb., for Fairbury State Bank.

Clay Statmore, Lincoln, Neb., for debtor.

Nancy L. Loftis, Lincoln, Neb., for Metropolitan Life Ins. Co.

John C. Hahn, Lincoln, Neb., amicus curiae.

James G. Sharp, Beatrice, Neb., for PCA.

Stephen J. Kraviec, Beatrice, Neb., for Alice Mahloch.

## MEMORANDUM OPINION

TIMOTHY J. MAHONEY, Bankruptcy Judge.

Hearing was held October 1, 1986, on the question of the eligibility of this Trust to be a debtor. Clay Statmore of Lincoln, Nebraska, appeared on behalf of debtor. James Sharp of Beatrice, Nebraska, appeared on behalf of the PCA. Nancy Loftis of Lincoln, Nebraska, appeared on behalf of Metropolitan Life Insurance Company. Rodney Cathcart of Lincoln, Nebraska, appeared on behalf of the Fairbury State Bank. Stephen J. Kraviec of Beatrice, Nebraska, appeared on behalf of Alice Mahloch. John Hahn of Lincoln, Nebraska, appeared in an amicus capacity.

### Facts and Discussion

On or about July 28, 1986, the debtor, entitled Betty L. Hays Trust, filed a voluntary petition under Chapter 11 of the Bankruptcy Code. After numerous filings, including a disclosure statement and plan of reorganization as well as a motion for relief from the automatic stay, the Court realized that the voluntary petition and a number of the pleadings were filed in the name of the Trust and signed by "Betty L. Hays Trust". The Court, being somewhat aware of the statutory requirements for being a debtor, set, on its own motion, this matter for hearing and requested that the parties, specifically the debtor, be prepared to prove to the Court that this "Trust" is an eligible debtor under the Bankruptcy Code.

At the hearing on October 1, 1986, the creditors, treating the hearing as a hearing on a motion to dismiss, joined in such motion and requested the Court to dismiss the case on the grounds that the Trust was an ineligible debtor.

The Betty L. Hays Trust is an intervivos trust in which Betty L. Hays, an individual, on May 21, 1979, and on July 16, 1984, executed a certain Trust Agreement and conveyed to the Trust certain assets. The Trust Agreement, although not attached to the bankruptcy petition or filed with the Bankruptcy Court, has been attached to a brief submitted by the creditor, Alice Mahloch, and shall be considered as evidence for purposes of this hearing. Counsel for the Trust, in his opening statement at the hearing, suggested to the Court that the Trust Agreement was some place in the file and that the Court should review it prior to its making its determination in this matter.

The Trust Agreement is an 18–page document including schedule of assets at Schedule A. The Grantor, Betty L. Hays, conveyed to the Trust certain real property and the corporate stock of a Nebraska corporation HI, LDT.

Article III of the Trust provides that the Grantor, Betty L. Hays, retain certain rights which may be exercised at any time with or without the Trustee's consent. Those rights include the right to deal with any insurance policies placed in the Trust as if they were her own and had not been conveyed to the Trust.

Article II which defines Trust property deals mainly with insurance policies and does not describe with any specificity any other asset in addition to insurance policies.

Article V directs the Trustee to distribute to or apply for the benefit of the Grantor such portion of income or principal or both of the Trust Estate as the Grantor requests.

Article VIII contains the general provisions of the Trust. Paragraphs A through I of Article VIII discuss beneficiaries, notice, restraint on alienation, reimbursement of Trustees, rule against perpetuities, reliance on third parties and definitions. None of the general provisions discuss operation of the business.

Article IX names the Grantor as the original Trustee and provides that she can't be removed as Trustee.

Article X provides that the Trustee may retain the Trust Estate, hold uninvested cash; invest and reinvest Trust assets in any type of property without regard to the

risk and without regard to the yield and without regard to whether or not the investment produces any income at all. Subparagraph E of paragraph X grants the Trustee the power to sell, convey, grant options to purchase, lease, transfer, exchange or otherwise dispose of any Trust asset on any terms deemed advisable, to execute and deliver deeds, leases, bills of sale and other instruments of whatever character, and to take or cause to be taken all action deemed necessary or proper in connection therewith.

Subparagraph F of paragraph X gives the Trustee the power to lend Trust funds to any borrower on any term. Subparagraph G of that Article permits the Trustee to mortgage, pledge or otherwise encumber assets of the Trust.

Subparagraph U of Article X provides that the Trustees may operate or terminate the business.

Subparagraph V provides that Trustees may manage real estate by operating it, improving it, altering it or selling it.

The language of the Trust Agreement, in summary, authorizes the Grantor to be the Trustee as well as the beneficiary; authorizes the Trustee to accept whatever property the Grantor conveys to the Trust; authorizes the Trustee to do anything with the property, income and principal that the Grantor requests; authorizes the Trustee to operate any businesses that may become Trust property and to manage any real estate that may become Trust property. The language of the Trust also contains directions to subsequent Trustees for distribution of assets to specified beneficiaries after the death of the Grantor. There is no language in the Trust document specifically directing the Trustee to operate a business. Such direction is permissive only and includes the authorization of the Trustee to dismantle any business that becomes an asset of the Trust estate.

## Issue

Is the Betty L. Hays Trust a business trust and, therefore, an eligible debtor under Chapter 11 of Title 11, United States Code?

## Decision

The Betty L. Hays Trust is not a business trust and, therefore, is not an eligible debtor. This case is dismissed.

## Conclusions of Law and Discussion

The Bankruptcy Code provides that a debtor in Chapter 11 must be a person who may be a debtor under Chapter 7. (Section 109(d)). Section 101(33) provides that a "person" includes individual, partnership and corporation. Section 101(8)(A)(v) indicates that a "corporation" includes a business trust. The debtor desires the Court to determine that the Trust in question is a business trust and thus an eligible debtor. Counsel for the debtor argues that since this Trust does engage in some business activities, such as leasing farm land, it is a business trust and, therefore, an eligible debtor.

The most frequently cited case with regard to defining business trusts is *In Re Treasure Island Land Trust,* 2 B.R. 332 (Bankr.M.D.Fla.1980). That Court defined business trusts and this definition has been frequently cited:

> "The basic distinction between business trusts and nonbusiness trusts is that business trusts are created for the purpose of carrying on some kind of business or commercial activity for profit; the object of a nonbusiness trust is to protect and preserve the trust res. The powers granted in a traditional trust are incidental to the principal purpose of holding and conserving particular property, whereas the powers within a business trust are central to its purpose. It is the business trust's similarity to a corporation that permits it to be a debtor in bankruptcy." 2 B.R. 333 (Bankr.M.D. Fla.1980).

A 1986 case in the United States District Court, District of Utah, affirmed a Bankruptcy Court decision that a clearing house operation was a business trust, and in doing so cited *In Re Treasure Island Trust.*

The Court went on to further define a business trust:

"The primary consideration in most cases has been the overt purpose of the trust. If its purpose is to protect the trust res, the trust is found to be ineligible for bankruptcy proceedings. If the purpose is profit oriented, the trust is found to be an eligible business trust. The trusts here did not earn a profit but this fact is not determinative. The 'purpose' of the trust as represented to investors was to make a profit." *In Re Universal Clearing House Co.*, 60 B.R. 985 (D.Utah 1986).

The case most clearly on point is *In Re Mosby*, 791 F.2d 628 (8th Cir.1986), in which the U.S. Court of Appeals for the Eighth Circuit affirmed a ruling by the U.S. District Court for the E.D. of Missouri that a trust created by the grantor for the benefit of his children was not a business trust. The grantor set up a spendthrift trust, the assets of which were divided into two separate trusts, one for his son and one for his daughter. The trust did hold real property, which was used for hog and poultry operations. The District Court and the Bankruptcy Court found that, in spite of the trust's business activities, it was a typical family trust:

"The Bankruptcy Court below found as a matter of fact that the Mosley trust was created to preserve and protect certain assets for the benefit of members of the grantor's family. The Court also found that although the trustees 'were authorized to carry on business activities, they were not required to do so. The court further found that the trust was established as a typical family trust rather than for the purpose of conducting a business in the manner of a corporation." *In Re Mosby*, 61 B.R. 636, 638 (E.D.Mo. 1985).

Finally, in *Morrissey v. Commissioner*, 296 U.S. 344, 56 S.Ct. 289, 80 L.Ed. 263 (1935), a tax case, the distinguishing characteristics were set forth:

The distinguishing characteristics of a business trust include:

1. A trust created and maintained for a business purpose;
2. title to property held by trustees;
3. centralize management;
4. continuity uninterrupted by death among beneficial owners;
5. transferability of interests; and
6. limited liability.

Since the Betty L. Hays Trust has all the characteristics of a "family trust" and few, if any, characteristics of a business trust, there being no specific intent to or mechanism to operate a business, this Court finds it is not a business trust. It, therefore, is not an eligible debtor. The case is dismissed.

Separate Journal Entry shall be filed.