**In re CITIZENS BANK & TRUST COMPANY OF PARK RIDGE as Trustee of Trust 66–3250, Debtor.**

No. 80 B 13255.

United States Bankruptcy Court, N. D. Illinois, E. D.

Jan. 19, 1981.

---

Richard M. Bendix, Jr., Schiff, Hardin & Waite, Chicago, Ill., for petitioner.

Citizens Bank & Trust Co., pro se.

## MEMORANDUM OPINION

EDWARD B. TOLES, Bankruptcy Judge.

### I.  INTRODUCTION

On November 10, 1980 Bloomington Federal Savings and Loan Association ("Bloomington Federal") filed a Motion to Dismiss the petition under Chapter 7 of the Bankruptcy Reform Act of 1978, 11 U.S.C. §§ 701 *et seq* (the "Bankruptcy Code") which Citizens Bank & Trust Company of Park Ridge as Trustee under Trust No. 66–3250 ("the Debtor") had filed on October 14, 1980.  Bloomington Federal's Motion to Dismiss was heard on November 10, 1980. One individual who claimed an interest in Trust No. 66–3250 (the "Trust"), Anthony R. Martin-Trigona ("Trigona"), was unable to attend the November 10, 1980 hearing as a result of his incarceration in a local correctional facility.  The Court therefore entered an order continuing Bloomington Federal's Motion to Dismiss until December 5, 1980 and directing the United States Marshal to serve a copy of Bloomington Federal's Motion to Dismiss, together with a copy of the Court's Order, upon Trigona.  In addition, the Court entered an Order to Show Cause, returnable on December 5, 1980, why the Debtor's petition in bankruptcy should not be dismissed.  Copies of the Order to Show Cause were sent to the Debtor, the Debtor's attorney and all creditors listed on the Debtor's schedules.

On December 5, 1980 the interim trustee and counsel for all parties in interest appeared pursuant to the orders previously entered by this Court.  Trigona also appeared but was not represented by counsel. As a result, the Court continued the hearing on Bloomington Federal's Motion to Dismiss until January 5, 1981 and directed Trigona to obtain counsel who could appear for him at that time.

On December 18, 1980 the Debtor, through its counsel, filed its own motion to vacate the order for relief which had previously been entered with respect to the Debtor's petition.  The Court entered and continued the Debtor's motion until January 5, 1981.

The consolidated hearing on the respective motions to dismiss filed by Bloomington Federal and by the Debtor was held before this Court on January 5, 1981.  Notwithstanding the Court's direction to Trigona on December 5, 1980, no attorney appeared on his behalf at the hearing. Bloomington Federal and the Debtor presented documentary evidence and the testimony of witnesses with respect to the issues raised by their motions to dismiss. This evidence was supplemented by oral argument and a brief.  This Memorandum Opinion and Order is filed pursuant to Rule 121 and 752 of the Rules of Bankruptcy Procedure to announce the Court's findings

of fact and conclusions of law based upon the foregoing record.

## II. FACTS

On October 14, 1980 a Petition seeking relief under Chapter 7 of the Bankruptcy Code was filed on behalf of the Debtor. The Petition was dated October 10, 1980 and was signed by Trigona on the line designated for the name of the attorney for the petitioner. Trigona also signed the petition, under penalty of perjury, as the purported beneficiary of the Debtor.

Trust No. 66–3250 (the "Trust") was established pursuant to the terms of a trust agreement dated June 17, 1977 (the "Trust Agreement") between the Debtor as Trustee and Trigona as beneficiary. Under the terms of the Trust Agreement, the Debtor took legal title to a parcel of improved real estate located at 1411 South Prospect, Champaign, Illinois. Bloomington Federal holds a mortgage on that property and is listed in the schedules accompanying the petition as a secured creditor.* Since its creation, the sole function of the Trust has been to hold naked legal title to the property at 1411 South Prospect in Champaign, Illinois. Consequently, the Court finds that the Trust may properly be regarded as an Illinois land trust.

Two provisions of the Trust Agreement are germane to the issues raised by the respective motions to dismiss. The first provision, located in Article I of the Trust Agreement, provides as follows:

It is understood and agreed by the parties hereto and by any person who may hereafter become a party hereto, that said CITIZENS BANK & TRUST COMPANY *will deal with said real estate ... or otherwise deal with the title to said real estate or such other assets or property on the written direction of such person or persons as may be the beneficiary or beneficiaries at the time* or upon the written

direction of ANTHONY ROBERT MARTIN–TRIGONA (100%) or such other person or persons as shall be from time to time named in writing by the beneficiary or beneficiaries; provided that, if any *person now or hereafter expressly named as the person (or as one of the persons) having such power of direction shall be a beneficiary hereunder and shall assign his beneficial herein, then no written direction of any such person given subsequent to the filing of such assignment with the Trustee shall be recognized without the consent thereto of his assignee...* (emphasis added)

The next relevant provision is the final paragraph of Article III, which provides as follows:

No beneficiary hereunder shall have any authority to contract for or in the name of the Trustee or to bind the Trustee personally. *No legal action shall be brought in the name of the Trustee without its prior consent in writing.* (emphasis added)

On August 6, 1980 United States District Judge Bernard M. Decker executed an Assignment which transferred all of Trigona's beneficial interest in the Trust to the United States' Marshal, Peter J. Wilkes ("Wilkes"). The foregoing Assignment was received by and lodged with the Debtor, as Trustee, on August 19, 1980. On December 12, 1980, Wilkes executed and delivered to the Debtor a written direction which instructed the Debtor, by its attorney, to file a *motion to dismiss the petition in this case.* That direction was implemented on December 18, 1980.

The Debtor, as Trustee never gave its written consent to the filing of the petition herein. Nor did the Debtor ever hire Trigona as its attorney. Indeed, the Court takes judicial notice that Trigona has never even received a license to practice law in this

---

* On February 1, 1978 the Debtor defaulted under the terms of Bloomington Federal's mortgage and the note which that mortgage secured. Foreclosure proceedings were then commenced in the Circuit Court for Champaign County. A decree of foreclosure was entered on September 17, 1980 and a judicial sale was scheduled for November 12, 1980. That sale has been postponed as a result of the operation of the automatic stay provisions contained in § 362(a) of the Bankruptcy Code.

State. *See In re Martin-Trigona*, 55 Ill.2d 301, 302 N.E.2d 68 (1973).

## III. DISCUSSION

■ Eligibility for relief under the Bankruptcy Code is a jurisdictional matter which may be raised at anytime either by a motion to dismiss or by a motion to vacate and adjudication pursuant to Rule 121 of the Rules of Bankruptcy Procedure. Jurisdiction of the bankruptcy court, in turn, is purely statutory. *See Matter of Associated Developers Trust*, 9 C.B.C. 434 (D.Mass. 1976). Absent an express provision in the Bankruptcy Code conferring jurisdiction upon the Court over a petition filed by or on behalf of a land trust, the petition herein must be dismissed. The Court concludes that the Bankruptcy Code excludes land trusts from the class of persons who are eligible for relief under Chapter 7.

Section 109 of the Bankruptcy Code sets forth the conditions of eligibility for relief. Section 109(a) provides as follows:

Notwithstanding any other provision of this Section, only a person that resides in the United States, or has a domicile, a place of business, or property in the United States, or a municipality, may be a Debtor under this title.

The term "person" is defined in Section 101(30) of the Code and "includes individual, partnership, and corporation, but does not include governmental unit." The term "entity," on the other hand, "includes person, estate, trust, [or] governmental unit." Bankruptcy Code, § 101(14). Thus, it is clear that a trust is an "entity" rather than a "person" and is therefore prohibited by the terms of Bankruptcy Code Section 109(a) from becoming a debtor. *See* Bankruptcy Code § 101(12) ("debtor" means person or municipality concerning which a case under this title has been commenced).

The Court notes that several other courts have recently addressed the question of a land trust's eligibility for relief under the Bankruptcy Code. The majority of those courts share our conclusion regarding a land trust's lack of such eligibility. *In re Treasure Island Land Trust*, 2 B.R. 332 (M.D.Fla.

1980); *Matter of Cohen*, 4 B.R. 201 (S.D. Fla.1980). *In re Old Second National Bank of Aurora*, 7 B.R. 37, 6 B.C.D. 1135 (N.D.Ill. 1980).

■ Relief under Chapter 7 of the Bankruptcy Code is available to a trust which can be characterized as a business trust. A business trust is included in the definition of a corporation (*See* § 101(8)(A)(v)) which, in turn, is included within the definition of a "person" found in § 101(30) of the Bankruptcy Code. It is nevertheless clear to the Court from the terms of the Trust Agreement that the sole purpose of the Trust is to hold bare legal title to a parcel of real estate and that the Debtor possesses none of the attributes normally associated with a business trust. For example, there is no provision in the Trust Agreement for the issuance of securities, the use of a trade name, or the creation of a board of directors with authority to manage a business. *See In re Old Second National Bank of Aurora, supra.*

■ Characterizing the Debtor as a trustee of a land trust rather than as the trust itself will not enable the Debtor to qualify as a "person" for purposes of Section 109(a) of the Bankruptcy Code. *In re Old Second National Bank of Aurora, supra; Cantor v. Wilbraham and Monson Academy*, 609 F.2d 32 (1st Cir. 1979); *Matter of Associated Developers Trust, supra; Associated Cemetery Management, Inc. v. Barnes*, 268 F.2d 97 (8 Cir. 1959). Moreover, the Debtor is a savings and loan association which is prohibited by § 109(b)(2) of the Bankruptcy Code from seeking relief thereunder.

■ Even if the definition of "person" were sufficiently Procrustean that it could be stretched to encompass a land trust, the Court concludes that the Debtor's petition would still have to be dismissed because Trigona lacked authority to file the petition on the Debtor's behalf. This conclusion follows from Trigona's lack of any interest in the Debtor after August 19, 1980, the date on which the Assignment to Wilkes of Trigona's beneficial interest in the Debtor was lodged with the Debtor. Furthermore, as

previously noted, the Trust Agreement itself prohibits any legal action from being brought in the name of the Trustee without the Trustee's written consent. Trigona never obtained the Debtor's consent to the filing of the petition herein. Consequently, Trigona's act of filing that petition was a legal nullity.

### IV. CONCLUSIONS

1. The Debtor is an Illinois land trust which does not come within the definition of "person" contained in § 101(30) of the Bankruptcy Code.

2. Under § 109(a) of the Bankruptcy Code, only a "person" may be eligible for relief under Chapter 7 of the Bankruptcy Code. The Debtor, not being a "person", is not eligible for relief under Chapter 7 of the Bankruptcy Code. The Court therefore lacks subject matter jurisdiction over the Debtor's petition.

3. The Debtor is not a "business trust" as defined in § 101(8)(A)(v).

4. The Debtor, as trustee of a land trust, is not eligible for relief under Chapter 7 of the Bankruptcy Code.

5. Neither at the time the petition herein was prepared on October 10, 1980 nor at the time the petition was filed on October 14, 1980 did Trigona have any beneficial interest in the Debtor.

6. The Debtor never gave the written consent to the filing of the petition herein required by Article III of the Trust Agreement.

7. The Debtor never employed Trigona to act as its attorney for purposes of filing the petition herein.

IT IS HEREBY ORDERED that the petition of Citizens Bank and Trust Company of Park Ridge as Trustee under Trust No. 66–3250, previously filed herein on October 14, 1980, be dismissed with prejudice effective as of January 5, 1981.

IT IS FURTHER ORDERED that, pursuant to Rule 921 of the Rules of Bankruptcy Procedures, the Clerk is directed to (1) prepare a separate document reflecting the foregoing order of dismissal and (2) to enter the judgment reflected on such separate document forthwith in the appropriate docket as provided in Bankruptcy Rule 504.