In re NORTH SHORE NATIONAL BANK OF CHICAGO, LAND TRUST NO. 362, Debtor(s).

Bankruptcy No. 81 B 6473.

United States Bankruptcy Court, N. D. Illinois, E. D.

March 1, 1982.

---

F. Kevin Murnighan, Carey, Filter & White, Chicago, Ill., for movant North Shore National Bank.

Keevan D. Morgan, Morgan & Susman, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

FREDERICK J. HERTZ, Bankruptcy Judge.

This cause comes to be heard on the motion of North Shore National Bank of Chicago (hereinafter referred to as the Bank) to dismiss the voluntary petition filed by Eric Rothner on June 1, 1981. The facts are not in dispute and are set forth below.

### I

On May 24, 1979 Eric and Elaine Rothner entered into a Trust Agreement with the Bank as Trustee (when in this capacity, hereinafter referred to as Trustee). The Trust Agreement, Land Trust No. 362, initially provided that the Rothners would retain an undivided 100% beneficial interest. Subsequently, the Bank lent $126,000.00 to the trust for the purchase of certain real property. In return the Trustee, at the direction of the Rothners, executed a Trust Deed in the real property to the Bank. In addition, the Rothners assigned their entire beneficial interest in Land Trust No. 362 to the Bank.

The Rothners defaulted on the note for the purchase money loan in October 1979. The default, however, was subsequently cured. A second default occurred thereaft-

er, and a decree of foreclosure and sale was entered on July 1, 1981. On the same day, a voluntary petition for relief under Chapter 11 was filed in the name of the North Shore National Bank of Chicago, Land Trust No. 362, as debtor. This petition was signed by Eric Rothner as a "beneficiary of the Land Trust Partnership".

■ The issues raised by defendant's Bank's motion are whether a land trust may be eligible as a debtor under Chapter 11 of the Bankruptcy Code, and whether a beneficiary of a land trust has the capacity to file a voluntary petition on behalf of the trustee under a land trust.

### II

The operative sections of the Bankruptcy Code provide as follows:

§ 301 Voluntary Cases

A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter. The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.

11 U.S.C. § 301.

§ 109 Who may be a debtor

(a) Notwithstanding any other provisions of this section, only a person that resides in the United States, or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title.

(b) A person may be a debtor under Chapter 7 of this title . . .

\*  \*  \*  \*  \*  \*

(d) Only a person that may be a debtor under Chapter 7 of this title, except a stockbroker or a commodity broker, and a railroad may be a debtor under Chapter 11 of this title. . . .

11 U.S.C. § 109.

§ 101 Definitions. In this title—

\*  \*  \*  \*  \*  \*

(8) "Corporation"—

(A) includes—

\*   \*   \*   \*   \*   \*

(v) business trust; but

(B) does not include limited partnership:

\*   \*   \*   \*   \*   \*

(14) "entity" includes person, estate, trust, government unit;

\*   \*   \*   \*   \*   \*

(30) "person" includes individual, partnership and corporation, but does not include governmental unit;

11 U.S.C. § 101.

Debtor urges this court to construe the statutory language in 11 U.S.C. § 101(30) defining a "person" to include a land trust. In support of this construction, debtor cites the rules of statutory construction for this title set forth in 11 U.S.C. § 102(3), which provide that the terms "includes" and "including" are not limiting. It is unquestionable, in light of this statutory imperative, that the definition of debtor is not limited exclusively to individuals, partnerships or corporations. It does not necessarily follow, however, that the definition of a debtor does in fact include a land trust. An equally compelling and contrary conclusion follows from the argument that by including a specific type of trust in the definition of corporation (i.e., business trust) the statute impliedly excludes other types of trusts.

The question of whether a land trust may be a debtor under the Code for purposes of either Chapter 7 or 11 is not a new one. See, *In re Old Second National Bank of Aurora*, 7 B.R. 37, 6 BCD 1135, 3 CBC 2d 264, CCH Bk.L.Rptr. ¶ 67,824 (Bkrtcy.N.D. Ill.1980); *In re Treasure Island Land Trust*, 2 B.R. 332, 5 BCD 1246, 1 CBC 2d 407 (Bkrtcy.M.D.Fl.1980) (both holding land trusts ineligible as a debtor under the Code). Whether a beneficiary of a land trust was eligible to be a debtor under the prior Bankruptcy Act was also litigated. *Compare, Walker v. Federal Land Bank of Columbia*, 468 F.Supp. 831 (1979); *Associated Cemetery Management, Inc. v. Barnes*, 268 F.2d 97 (8th Cir. 1959); *Cantor v. Wilbraham and Monson Academy*, 609 F.2d 32

(1st Cir. 1979) (all holding land trusts ineligible to be debtors under the Bankruptcy Act) *with In the Matter of Maidman*, 2 B.R. 569, 5 BCD 1334 (Bkrtcy.S.D.N.Y.1980) (holding that a land trust may be a debtor under Chapter XII of the former Bankruptcy Act).

Similarly, the eligibility of the trustee of a land trust to qualify as a debtor has also been raised. *In Re Citizens Bank & Trust Co. of Park Ridge as Trustee of Trust 66–3250*, 8 B.R. 812 (Bkrtcy.N.D.Ill.1981); *In the Matter of Norman Cohen Trustee, Trust No. 71 LT 100*, 4 B.R. 201, 6 BCD 358, 2 CBC 2d 4, CCH Bk.L.Rptr. ¶ 68,092 (Bkrtcy. S.D.Fla.1980) (both holding that a trustee under a land trust is ineligible to be a debtor under the Code).

The issue presented is whether the land trust now before this Court is eligible as a debtor under Chapter 11 of the Code. The purpose and language of the Code compel this court to hold that it is not.

The purpose of the Bankruptcy Code is to provide a debtor with a fresh start by discharging his debts and allowing him to continue to function in the business community. This fresh start concept of the Code ultimately benefits society because the debtor has an opportunity to be a self-sufficient entity rather than a continuing burden on society. The Illinois land trust, however, is not, and does not attempt to be, an active business or commercial entity. *In re Old Second National Bank of Aurora, supra.* It is merely a legal device whose primary function is to hold legal and equitable title to real estate. Since the Illinois land trust is not a viable entity which may provide some benefit to society, it does not comport with the fresh start concept of the Bankruptcy Code, and accordingly it is not entitled to relief under the Code.

The language of the definitional sections supports the conclusion that land trusts were not meant to enjoy the right of re-organizing their debtors. The inclusion of the term trust in the definition of "entity" in 11 U.S.C. § 101(14), *supra*, and its inclusion only when qualified as a "business trust" in

11 U.S.C. § 101(8)(A)(v) demonstrate that Congress was aware of the distinction between functioning business entities and mere devices which hold title to real estate. The debtor has not demonstrated that Congress meant to include this type of instrument in an expanded reading of the term "debtor" under the Code.

Moreover, it has been recognized that the term "corporation" as defined by Congress in the Bankruptcy Act of 1898 and subsequently amended was not intended to include all trusts or even all trusts empowered to conduct a business, but was intended to include only certain types of business trusts. *Pope & Cottle Co. v. Fairbanks Realty Trust,* 124 F.2d 132, 133–35 (1st Cir. 1941) (realty trust is not a "corporation" under the Bankruptcy Act as amended by the Chandler Act). See also *Mayo v. Barnett Bank of Pensacola,* 448 F.Supp. 250, 251 (N.D.Fla.1978) (Illinois land trust is not within the definition of corporation under the prior Bankruptcy Act).

This court finds that an "Illinois land trust" does not qualify as a debtor under 11 U.S.C. § 301. *Accord, In re Old Second National Bank of Aurora, supra; In re Treasure Island Land Trust, supra.*

■ Additionally, the debtor has not demonstrated with what authority Eric Rothner acted when filing this petition. It is conceded that by instrument dated June 7, 1979 all of the Rothners' beneficial rights and interests were assigned to the Bank. The mere assertion by debtor that if Interim Bankruptcy Rule 1002(a) allows a debtor's attorney to sign the petition, then "clearly" a beneficiary should also be able to sign the petition is not persuasive. Even if Mr. Rothner had retained an equitable interest in the trust, it does not follow that he may act as the agent for the Trustee by filing a voluntary petition under Chapter 11.

Therefore the motion of North Shore National Bank of Chicago is granted. Movant will provide an order consistent with this opinion within five days.