**In re ARMSTEAD AND MARGARET WAYSON TRUST, Debtor.**

**Bankruptcy No. 82–1–0672.**

United States Bankruptcy Court,
D. Maryland,
at Rockville.

June 29, 1982.

William Sabin, Annapolis, Md., for Ann Kwiatowski and LaRue Rivas.

Francis Gaegler, Landover, Md., for debtor.

Richard Kremen, Baltimore, Md., for First Nat. Bank of Southern M.D.

Bertram Potemken, Baltimore, Md., of Armstead & Margaret Wayson Trust.

## MEMORANDUM OPINION

PAUL MANNES, Bankruptcy Judge.

This matter is before the court upon the Motion for Dismissal of Proceedings filed by Ann Kwiatowski and LaRue Rivas to dismiss the Chapter 11 proceeding filed on behalf of the debtor for the reason that the court lacks jurisdiction over the subject matter. The movants, who are beneficiaries of the trust, urge that the debtor is a testamentary trust created by the will of Armstead S. Wayson on August 9, 1974, that a testamentary trust is not a person eligible for relief under Chapter 11 or Chapter 7 of the Bankruptcy Code.

The matter was fully argued. The movants filed a Memorandum of Law fairly and accurately setting forth the facts of the case and the applicable law. Generally, trusts are not eligible for relief in the bankruptcy court. There is good reason for this in that trusts do not have a separate legal existence from the trustee. The exception to this is the business trust that is in the nature of a corporation. A business trust is eligible to be a debtor under the Bankruptcy Code. While the trustees of the Armstead and Margaret Wayson Trust operate a business, they are not a business trust but are simply a testamentary trust. A business trust has been defined as "an unincorporated business organization created by an instrument by which properties to be held and managed by trustees for the benefit and profit of such persons as may be or may become the holders of transferrable certificates evidencing the beneficial interests in the trust estate." Ann. 88 A.L.R. 3rd 704, 717. The business trust is a voluntary pooling of capital by a number of people who are the holders of freely transferrable certificates evidencing beneficial interests in the trust estate. The holders are entitled to the same limitation of personal liability extended to stockholders of private corporations. Because of the similarity, Congress has afforded the business trust the same privileges in bankruptcy as a private corporation. *See In Re John M. Cahill, M.D. Associates Pension Plan, Debtor,* 15 B.R. 639, 5 C.B.C. 2nd 846, 848 (Bkrtcy.E.D.Pa. 1981). *Cf. In Re North Shore National Bank of Chicago, Land Trust No. 362,* 17 B.R. 867, 6 C.B.C.2d 237 (Bkrtcy.N.D.Ill. 1982).

As well demonstrated by movants in their motion, the Armstead and Margaret Wayson Trust has none of the attributes of the business trust. While two of the beneficiaries of the trust may be able under some circumstances to transfer their interest to one another, the very terms of the trust prohibit the disposition of the interests in the trust by the beneficiaries.

An order will be entered dismissing the Chapter 11 petition.