**In the Matter of George L. AREHART, Trustee of That Certain Myakka River Land Trust, Debtor.**

**Bankruptcy No. 85–1204.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 21, 1985.

George L. Arehart, Trustee for Myakka River Land Trust.

Alfred E. Johnson, Fort Lauderdale, Fla., for debtor.

Sandra C. Bartley, Diane L. Jensen, Fort Myers, Fla., for movant.

## ORDER ON MOTION TO DISMISS BANKRUPTCY CASE

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Motion to Dismiss Bankruptcy Case filed by Sandra C. Bartley (Bartley), a secured creditor in the above styled Chapter 11 case. By her motion, Bartley seeks an order from this Court dismissing the above-styled case for either of two reasons. First, Bartley contends that the Debtor, George C. Arehart, Trustee of a certain Trust known as Myakka River Land Trust, is not eligible for relief under the Bankruptcy Code and; second, that even if the Debtor is eligible for relief, the case should be dismissed because the petition was not filed in good faith. The facts relevant to a resolution of the motion under consideration which are without dispute may be summarized as follows:

On the 30th of November, 1983 a Trust Agreement was executed by George L. Arehart, individually and as Trustee, C. Guy Batsel, individually and as agent for Gary L. Wilkins, Barton McDonald, Hal Walsh, and Peter Hartley. The purpose of the Trust as set forth in the agreement was as follows:

"... to acquire, develop, improve, operate, , lease and/or sell the trust lands, personal property and business all to the economic benefit of the BENEFICIARIES".

The beneficiaries, who are the same persons who executed the Trust Agreement, each contributed money to the trust which was used to purchase 900 acres of real property located in Charlotte County, Florida. The property was actually purchased two weeks prior to the execution of the Trust Agreement and was deeded to George L. Arehart as Trustee under the Trust Agreement.

The trustee's powers as set forth in the Trust Agreement are as follows:

"The Trustee may do all such things reasonably useful to such purpose, including the sale, lease, finance, and refinance of trust lands, personal property and business, the borrowing of money, the security of such borrowings by mortgage, pledge or other lien, and the selling or otherwise disposing of trust land, personal property or business at any time. The TRUSTEE shall not engage in other business without the prior consent of a majority in interest of the BENEFICIARIES".

The Trust Agreement also provides:

"Every deed, mortgage, lease or other instrument executed by the TRUSTEE in relation to the property shall be conclusive evidence in favor of every person claiming the right, title or interest under this trust".

The schedules filed by the Debtor reveal assets of $21,000,230.00, secured obligations of $2,136,000.00, and unsecured obligations of $18,856.00. Bartley is the largest secured creditor pursuant to a Final Judgment foreclosing a mortgage on all of the Debtors real property. The judgment amount is $1,991,983.46.

It is without dispute that the Trustee never maintained a place of business for the Trust, never had any employees, nor has he filed any tax returns, obtained an occupational license, had any income from any source, and never conducted any business in the conventional sense. It is equally without dispute, however, that the Trust did initiate development plans with respect to the Trust property by contacting engineers, having the property appraised, investigated financing options including equity financing and advertising the development.

Based upon the foregoing, Bartley claims that the Debtor is not eligible for relief because the petitioner is not a "person" within the meaning of the term as defined by the Bankruptcy Code.

Section 109 defines who may be a debtor.

§ 109. Who may be a debtor.

(a) Notwithstanding any other provision of this section, only a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title.

Section 101 defines who is a person for purposes of § 109.

§ 101 Definitions.

"(30) "person" includes individual, partnership, and corporation, but does not include governmental unit ..."

Subsection 8 of § 101 defines corporation as:

(8) "corporation"
  (A) includes—
    (i) xxx
    (ii) xxx
    (iii) xxx
    (iv) xxx
    (v) business trust. . . .
  (B) xxx

In support of the proposition urged by Bartley that the Petitioner is not eligible to be a debtor, Bartley relies principally on two cases: *In re Treasure Island Land Trust*, 2 B.R. 332 (Bankr.M.D.Fla.1980) and *Matter of Cohen*, 4 B.R. 201 (Bankr.S.D. Fla.1980). This Court has considered the *Treasure Island* and *Cohen* cases and is satisfied that neither of these furnish persuasive support for Bartley's position.

In the Treasure Island case the trust instrument read as follows:

5. OBJECTS AND PURPOSES OF TRUST:

The object and purpose of this Trust shall be to hold title to the trust property and to protect and conserve it until its

sale or other disposition or liquidation. The TRUSTEE shall not manage or operate the trust property nor undertake any other activity not strictly necessary to the attainment of the objects and purposes stated herein; nor shall the TRUSTEE transact business of any kind with respect to the trust property within the meaning of Chapter 609 of the Florida Statutes, or an other law; nor shall this agreement be deemed to be or create or evidence the existence of a corporation de facto or de jure, or a Massachusetts Trust, or any other type of business trust, or an association in the nature of a corporation, or a co-partnership or joint venture by or between the TRUSTEE and the BENEFICIARIES, or by or between the BENEFICIARIES.

In *Treasure Island,* the Court summarized the basic principles governing the question as follows:

"The basic distinction between business trusts and non-business trusts is that business trusts are created for the purpose of carrying on some kind of business or commercial activity for profit; the object of a non-business trust is to protect and preserve the trust res. The powers granted in a traditional trust are incidental to the principal purpose of holding and conserving particular property, whereas the powers within a business trust are central to its purpose." *In re Treasure Island Land Trust,* supra at 334.

See also *In re Old Second Nat. Bank of Aurora,* 7 B.R. 37 (Bankr.N.D.Ill.1980); *In re Dreske Greenway Trust,* 14 B.R. 618 (Bankr.E.D.Wis.1981); *In re North Shore Nat. Bank of Chicago, Land Trust No. 362,* 17 B.R. 867 (Bankr.E.D.Ill.1982)

When one considers and compares the trust agreement involved in *Treasury Island* with the trust agreement involved in this case, it is evident that there are a number of important differences. In this case the Trustee has the power to lease, sell, finance, mortgage, or otherwise dispose of trust properties. In *Treasure Island,* the Trustee had none of these pow-

ers. The trust in this case was formed for the express purpose of developing, operating, leasing and selling trust property for the economic benefit of the beneficiaries. In the Treasure Island case the trust was formed only to hold the trust property in order to protect and conserve it. Clearly, the facts in *Treasure Island* are distinguishable from the instant case.

In *Cohen* the Court listed 24 factors to be evaluated in order to determine if a trust is engaged in business and is thus an eligible debtor. This Court has considered those factors in relation to the facts presented by this case and, while, some indicate that this Debtor is not eligible for relief, a number of important factors indicate that it is. In particular, it is important to note that the purpose of the trust in the *Cohen* case was the "protection and conservation" of the trust property as required by the Trust Agreement. In addition, in *Cohen* the court found that the main object of the trust was the sale of the trust property. Also, the Trust Agreement in *Cohen* specifically stated that the trust was not to be considered a business trust and that the trustee could not execute any agreement without the written approval of 63% of the beneficiaries. The trustee had no management power without the written consent of the beneficiaries.

The trustee in this case has substantial management powers and is subject to very little control by the beneficiaries. As with the *Treasure Island* case, the *Cohen* case is clearly distinguishable on its facts from the present case.

■ Bartley also claims that the fact that this trust did not register as a business trust under the laws of the State of Florida supports her contention that this is not an eligible debtor. This Court finds the lack of such registration to be without legal significance. Whether an entity is eligible for relief under title 11 of the United States Code is purely a matter of federal law. To hold otherwise would result in different results in different states and an entity would be eligible for relief in one state but not in another. Clearly this is not what Congress intended when it enacted

the bankruptcy laws in this country in conformity with the mandate of Article I, § 8, Cl. 4 of the Constitution, which provides that "Congress shall have the power ... to establish ... uniform laws on the subject of bankruptcies."

Based on the foregoing, this Court is satisfied that the Trust in this case was created for the purpose of carrying on a business or commercial activity for profit and thus, it is a business "trust" eligible for relief under the Bankruptcy Code.

Lastly, this Court must consider Bartley's contention that the petition in this case was not filed in good faith. At the hearing on the Motion to Dismiss, the parties failed to present any evidence with respect to the bad faith issue. Therefore, this Court is not in a position to consider the issue of bad faith of the Trustee in filing the Petition. Thus, if necessary, this issue must still be considered. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss Bankruptcy Case filed by Sandra C. Bartley be, and is hereby, denied so far the Motion is based for lack of eligibility for relief under Title 11. With respect to the issue of bad faith filing, a hearing shall be rescheduled, if requested, for a later date.