**In re JAY M. WEISMAN IRREV-OCABLE CHILDREN'S TRUST OF 1981, Debtor.**

**Bankruptcy No. 86–1178 BK–T–11.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 30, 1986.

Esther Weisman, Jay M. Weisman Irrevocable Childrens Trust, Tampa, Fla., pro se.

Nancy G. Farage, Tampa, Fla., for debtor.

Catherine Peek McEwen, Brian M. Ross, Moffitt, Hart & Miller, Tampa, Fla., for Palomino Ventures, Raul C. Palomino, Jr., P.A., and Roger O. Rodriguez.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 11 case is a Motion to Dismiss filed by Palomino Ventures, Raul C. Palomino, Jr., and Roger O. Rodriguez (Ventures), creditors in the above-styled case. Ventures seek an order from this Court dismissing the bankruptcy case on the grounds that first, the Debtor, the Jay M. Weisman Irrevocable Children's Trust of 1981 (the Trust), is not eligible for relief under the Bankruptcy Code, and second, that even if the Debtor is eligible for relief under Chapter 11, the case should be dismissed pursuant to § 1112(b), because the petition was not filed in good faith. The Court has considered the record and the depositions in evidence, heard arguments of counsel, and finds as follows:

In 1981, Jay M. Weisman created a trust known as the Jay M. Weisman Irrevocable Children's Trust of 1981, the Debtor involved in this Chapter 11 case. The Trust was created for estate planning purposes. The corpus of the Trust, at this time, is a parcel of beach front real estate, located in Sarasota County, Florida, previously owned by Jay M. Weisman. The property is improved and now includes a house which has been converted into a 4–unit apartment building. The named beneficiaries of the Trust are the Weismans' two sons, Kenneth and Kirk, and Mrs. Esther Weisman is the named Trustee. Although at one time the Trust may have owned another rental property, it is without dispute that this apartment house is currently the sole asset of the Trust and has been for quite some time.

It is also without dispute that in February 1985, Esther Weisman, as Trustee of the Trust, and Kenneth Weisman and Kirk Weisman, as beneficiaries of the Trust, executed a promissory note in the face amount of $250,000.00, in favor of Ventures, the movants herein, and pledged as security for the note the Trust corpus, the apartment house. The note called for payments of $25,000.00 per month for six (6) months, with a balloon payment of the remaining principal balance and accrued interest in August, 1985. The $250,000.00 was not used for the benefit of the Trust, but was given to Mr. Weisman for his personal use. No payments were ever made on the note, and in due course Ventures sought and obtained a Summary Final Judgment of Foreclosure, with the foreclosure sale set for April 2, 1986. On March 28, 1986, five days before sale, the Trust filed its petition in bankruptcy.

The Debtor's schedules reveal the real property, valued at $415,000.00, as its sole asset, and one secured obligation, represented by the foreclosure judgment obtained by Ventures, in the principal amount of $308,087.26. The schedules also list three unsecured obligations of unknown amount, two of which are outstanding bills to the telephone company and to the cable television company. The third is a debt to an individual that Mr. and Mrs. Weisman now concede is a personal debt of theirs and not a debt of the Trust.

Based on the foregoing undisputed facts, it is the first contention of Ventures that the Trust is not eligible for relief because the Trust is not a "person" within the meaning of the term as defined by the Bankruptcy Code, and therefore this Chapter 11 case should be dismissed.

Section 109 defines who may be a debtor and provides as follows:

§ 109. Who may be a debtor.

(a) Notwithstanding any other provision of this section, only a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title.

Section 101 defines who is a person for purposes of § 109.

§ 101 Definitions.

(33) "person" includes individual, partnership, and corporation, but does not include governmental unit . . .

Subsection (8)(A)(v) of § 101 defines corporation as follows:

§ 101 Definitions.

(8) "corporation"—

(A) includes—

(i) * * *

(ii) * * *

(iii) * * *

(iv) * * *

(v) business trust

■ Relying on two cases, *In re Treasure Island Land Trust*, 2 B.R. 332 (Bankr. M.D.Fla.1980) and *Matter of Cohen*, 4 B.R. 201 (Bankr.S.D.Fla.1980), Ventures assert that the Trust is not a business trust within the meaning of § 101(8)(A)(v) and is therefore not entitled to protection under Chapter 11. In support of this proposition, Ventures point out that since the inception of the Trust in 1981, the Trust has conducted virtually no business of any kind. Although the apartments have been infrequently and sporadically rented, no records have been kept of the occasional rental income, most of which Mr. Weisman usually pocketed without reporting. The Trust has no occupational license to operate rental property, has no budget, no active bank account or line of credit, maintains no books and records, made no disbursement to beneficiaries, has no employees, has no separate business address, nor trade creditors. In sum, its sole activity is the ownership of a piece of real estate which was about to be sold at the foreclosure sale.

After careful consideration of the facts of this case and the case law cited, this Court is satisfied that the Jay M. Weisman Irrevocable Children's Trust of 1981 is not a business trust within the meaning of § 101(8)(A)(v), as it is nothing more than an estate planning device set up to protect and preserve the trust res. The Debtor is unable to establish that it is involved in any business activity whatsoever, and in fact, the depositions of Mr. and Mrs. Weisman, the Trust's creator and the Trustee, indicate that this Trust is an informal family arrangement, virtually indistinguishable from the Weismans' personal activities. This is evidenced by the fact that when Mr. Weisman had some serious financial problems, the Trust mortgaged the beach front property, the corpus of the Trust, in order to provide Mr. Weisman with funds he needed for his personal financial affairs. In short, this Court is satisfied the Trust is not now, nor has ever been a business trust within the meaning of the Bankruptcy Code, and therefore, is not eligible to be a debtor under Chapter 11 of the Bankruptcy Code.

Ventures also offer an alternative basis to dismiss the case on the grounds that the petition was not filed in good faith and is subject to dismissal for cause pursuant to § 1112(b). In support of this proposition, Ventures contends that this case is nothing more than an attempt to frustrate their foreclosure sale, that the Trust has no debt structure in need of reorganization and that this case is simply a two party dispute. It is without dispute that the Trust has only one secured debt, and only two unsecured debts, both less than $500.00, that the petition was filed immediately before the foreclosure sale, and that Mr. Weisman had been unable to obtain any alternative financing prior to bankruptcy, which would have saved the property from foreclosure.

■ While in this Circuit there is some conflict about whether it is proper to dismiss a Chapter 11 case solely because a debtor is not engaged in business, *see In re Albany Partners Limited*, 749 F.2d 670 (11th Cir.1984) (a debtor not engaged in business in an orthodox sense should not be permitted to seek relief under Chapter 11); *contra, In re Zelda Moog*, 774 F.2d 1073 (11th Cir.1985) (the fact that the debtor is not engaged in business by itself cannot form a ground for a dismissal), there is no doubt that a Chapter 11 case which is filed to achieve an improper purpose and in which there is no need nor an

ability to reorganize can be properly dismissed. As recently as April of this year, the Eleventh Circuit in the case of *In re Waldron*, 785 F.2d 936 (11th Cir.1986) held that a Chapter 13 petition filed for the sole purpose of rejecting an option agreement was a misuse of the reorganization process and should be dismissed:

> The cornerstone of the bankruptcy courts has always been the doing of equity. The protections and forgiveness inherent in the bankruptcy laws surely require conduct consistent with the concepts of basic honesty. Good faith or basic honesty is the very antithesis of attempting to circumvent a legal obligation through a technicality of the law. The Waldrons, it seems clear to us, sought to abuse the process through a technicality to serve their own malevolent and selfish aims. This abuse should not have been permitted.

■ This Court recently addressed the issue of dismissal of a Chapter 11 case for cause in *Welwood Corporation*, 60 B.R. 319 (Bankr.M.D.Fla.1986). In *Welwood*, this Court, citing *Little Creek Development Co. v. Commonwealth Mortgage Corp.*, 779 F.2d 1068 (5th Cir.1986) articulated several factors which are usually present in Chapter 11 cases not filed in good faith and which may be considered in a motion to dismiss for cause:

1) debtor has one asset such as a tract of undeveloped or developed real property;

2) the secured creditors' liens encumber this tract;

3) there are generally no employees except for the principals;

4) little or no cash flow, and no available sources of income to sustain a plan of reorganization or to make adequate protection payments;

5) few, if any, unsecured creditors whose claims are relatively small;

6) the property has usually been posted for foreclosure because of arrearages on the debt;

7) the debtor has been unsuccessful in defending actions against the foreclosure in state court;

8) the debtor and one creditor may have proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford;

9) allegations of wrongdoing by the debtor or its principals; and

10) the "new debtor syndrome" in which a one-asset equity has been created or revitalized on the eve of foreclosure to isolate the insolvent property and its creditors.

A comparison of the factors outlined above with the facts of this case leaves the Debtor in a virtually indefensible position. It is without dispute that the sole asset of the Trust is a parcel of real estate subject to a foreclosure sale, and both Mr. & Mrs. Weisman admit that the purpose of filing the petition in bankruptcy was to frustrate this sale. There are no employees, no cash flow, and only two small unsecured creditors. There is no business entity to rehabilitate, and even if there were a viable business to reorganize, the Debtor has no available sources of income to sustain a plan of reorganization or to make adequate protection payments. In short, this case is a classic example of an abusive, bad faith filing, and this Court is not required, nor is it inclined, to retain this case on its docket. Based on the foregoing, it is

ORDERED, ADJUDGED and DECREED that the Motion to Dismiss the above-styled Chapter 11 case be, and the same is hereby, granted and this Chapter 11 case is hereby, dismissed.