**In the Matter of Evelyn WALKER, As Trustee, Debtor.**

**Bankruptcy No. 87–2444.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 14, 1987.

R. John Cole, Sarasota, Fla., for debtor.

Thomas D. Shults, Sarasota, Fla., for Barnett Bank Trust Co., N.A., Citizens & Southern Trust Co., Lewis Hanan and Sandra Hanan, Trustees.

## ORDER ON MOTION TO DISMISS CASE

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 11 case, filed by Evelyn Walker as Trustee, and the matter under consideration is a challenge to the eligibility of Evelyn Walker, as Trustee, to be a debtor under Chapter 11 of the Bankruptcy Code. This challenge is interposed by Barnett Bank and Trust Company, N.A. (Bank) who filed a Motion to Dismiss this case. The Motion to Dismiss was heard by this Court with notice to all parties in interest, and upon consideration of the Motion together with the record and arguments of counsel, this Court finds the facts relevant to a resolution of the matter under consideration to be as follows:

The Motion to Dismiss is based on the undisputed fact that Evelyn Walker did not file the Petition individually but only on behalf of a testamentary trust set up by Gray Gordon, now deceased. The trust instrument titled "Last Will and Testament" executed by Gray Gordon the testator on May 15, 1970, provides in part as follows:

1. 50% of the value of the testator's adjusted gross estate is bequeathed to the Trustee in trust (Par. V A)

2. The beneficiaries of the Trust are Dorothy Gordon, the Wife of the testator, and his children Gray and Cynthia.

3. The Trustee is vested with the power to invade the corpus of the trust if it is deemed necessary to maintain the beneficiaries in reasonable comfort.

4. Upon the death of the testator's wife, the remainder of the corpus shall be divided equally and placed in two separate trusts, one for each child.

The corpus of the residual trust is directed to be distributed to beneficiaries in three increments upon their attaining the ages of 25 years, 30 years and 35 years respectively. (Par. 3(c)(d)(e)). The powers granted to the Trustee are very broad and authorize the Trustee to "hold, [residual trust shares], manage, invest, reinvest the same and to collect the rents, interest, dividents and other income therefrom during the terms of this Trust." (Par. V(B)(e)(a)); to exercise "the continuing absolute discretionary power" to deal with the corpus as freely as the testator himself did during his lifetime (Art. IX); to sell, exchange, assign, transfer and convey any part of the corpus (Art IX C); to invest and reinvest in stocks, bonds and other securities (Art IX D); and to lease or subdivide any real estate which is part of the corpus (Art IX K).

While the powers of the Trustee are without doubt very extensive, the rights of the beneficiaries are very limited and the trust instrument prohibits any assignments, alienation, pledges, or attachments of the interest of the beneficiaries. (Art. X).

Based on the foregoing the Bank contends that the trust instrument offered in evidence clearly demonstrates that the trust is not a "business trust" and therefore Evelyn Walker as Trustee is not eligible for relief because the petition was filed on behalf of a testamentary trust which is not a "person" within the meaning of that term as defined by the Bankruptcy Code. In opposition to these contentions, Evelyn Walker, as Trustee, urges that she filed the petition on behalf of a "business trust" and therefore is eligible to be a debtor under the Bankruptcy Code.

The eligibility to be a debtor is defined by § 109 of the Bankruptcy Code which provides as follows:

**Who may be a debtor**

(a) Notwithstanding any other provision of this section, only a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title.

The term "person" in turn is defined by § 101 (35) which reads as follows:

(35) "person" includes individual, partnership, and corporation, but does not include governmental unit ...

In the present case, it is undisputed that Evelyn Walker, as Trustee, did not file the petition on behalf of an individual or a partnership. Therefore, in order for the petition to be filed by an entity deemed to be a "person," the petition must be filed by Walker as Trustee for a corporation.

The term corporation is defined by § 101(8) of the Bankruptcy Code and reads as follows:

(8) "corporation"—

(A) includes—

(i) association having a power or privilege that a private corporation, but not an individual or a partnership, possesses;

(ii) partnership association organized under a law that makes only the capital subscribed responsible for the debts of such association;

(iii) Joint-stock company;

(iv) unincorporated company or association; or

(v) business trust; but

(B) does not include limited partnership;

The definition of "corporation" is further expounded upon in the legislative history of this section of the Bankruptcy Code which reads as follows:

The definition of "corporation" in paragraph (8) is similar to the definition in current law, section 1(8). The term encompasses any association having the power or privilege that a private corporation, but not an individual or partnership, has; partnership associations organized under a law that makes only the capital subscribed responsible for the debts of the partnership; joint-stock company;

unincorporated company or asociation; and business trust.

S.Rep. No. 989, 95th Cong., 2d Sess. 22, *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 5808. *See also* H.R.Rep. No. 595, 95th Cong. 1st Sess. 309 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 6266.

Generally, as was succinctly stated in *In re Treasure Island Land Trust*, 2 B.R. 332, 334 (Bankr.M.D.Fla.1980), the distinction between a business trust and a non-business trust is as follows:

business trusts are created for the purpose of carrying on some kind of business or commercial activity for profit; the object of a nonbusiness trust is to protect and preserve the trust res. The powers granted in a traditional trust are incidental to the principal purpose of holding and conserving particular property, whereas the powers within a business trust are central to its purpose. It is the business trust's similarity to a corporation that permits it to be a debtor in bankruptcy.

Furthermore as was stated in *In re Universal Clearing House Co.*, 60 B.R. 985, 991 (Bankr.Utah 1986):

The primary consideration in most cases has been the overt purpose of the trust. If its purpose is to protect the trust res, the trust is found to be ineligible for bankruptcy protection. If the purpose is profit oriented, the trust is found to be an eligible business trust ...

In support of its contention that Evelyn Walker, as Trustee, is not eligible to be a Debtor, the Bank relies on the case of *In re Armstead and Margaret Wayson Trust*, 29 B.R. 58 (Bankr.Md.1982). In holding that the testamentary trust in question was not a business trust and thus not a person eligible for relief under the Bankruptcy Code, the Court in this case defined a "business trust" as follows:

The business trust is a voluntary pooling of capital by a number of people who are the holders of freely transferrable certificates evidencing beneficial interests in the trust estate. The holders are entitled to the same limitation of personal liabili-

ty extended to stockholders of private corporations. Because of the similarity, Congress has afforded the business trust the same privileges in bankruptcy as a private corporation. *See In Re John M. Cahill, M.D. Associates Pension Plan, Debtor,* 15 B.R. 639, 5 C.B.C.2nd 846, 848 (Bkrtcy.E.D.Pa.1981). *Cf. In Re North Shore National Bank of Chicago, Land Trust No. 362,* 17 B.R. 867, 6 C.B.C.2d 337 (Bkrtcy.N.D.Ill.1982).

*In re Wayson Trust, supra,* at 59. *In re Wayson Trust* provides strong support for the Bank's position in that the factual circumstances addressed are similar to those that exist in the case at hand., In both *Wayson Trust* and the case of Evelyn Walker, as Trustee, the entity seeking relief under the Bankruptcy Code was a trust created by will, the purpose of which was to provide for the support and comfort of the beneficiaries.

The Debtor in opposing the Motion to Dismiss cites this Court's decision in the case of *In re Arehart,* 52 B.R. 308 (M.D. Fla.1985). The reliance on this case, however, is misplaced, as in *Arehart* the purpose of the trust was

"... to acquire, develop, improve, operate, lease and/or sell the trust lands, personal property and business all to the economic benefit of the BENEFICIARIES".

In *Arehart* the Trustee was prohibited from engaging in business other than for which the trust was created, i.e. to purchase and to develop 900 acres of real property which was purchased with the money contributed by the beneficiaries of the trust. The trust was held to be a business trust and thus eligible for relief under the Bankruptcy Code. In contrast, the trust under consideration has none of the attributes of a business trust. This trust was set up initially by the testator without the consent and participation of the beneficiaries—who contributed nothing to the trust. Their interest is not represented by transferable certificates evidencing a beneficiary interest in the trust estate. See *In Re Wayson Trust, supra.*

Further, while it is true that the Trustee is granted an unfettered control over the corpus and extremely broad powers, the purpose of the trust is without question to provide for the support, maintenance, and comfort of the beneficiaries and not to conduct a business for profit.

Based on the foregoing there is no doubt this is a testamentary trust is not a business trust, and thus is not a "person" as defined by the Bankruptcy Code. Evelyn Walker, as Trustee, therefore, is not eligible for relief under the Bankruptcy Code, and from this it follows that the Motion to Dismiss should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by Barnett Bank and Trust Company, N.A. be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that this Chapter 11 case filed by Evelyn Walker be, and the same is hereby, dismissed.