**In re GRANT STREET PROJECT OF 220, 224, 228 AND 232–236 GRANT STREET, SEWICKLEY, PENNSYLVANIA by April Meybin, Attorney–in–Fact, Debtor.**

Bankruptcy No. 89–0805.
Motion No. 89–2147M.

United States Bankruptcy Court,
W.D. Pennsylvania.

May 15, 1989.

Robert O. Lampl, Paul R. Yagelski, Pittsburgh, Pa., for debtor.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before the Court are Debtor's *Motions To Employ Counsel and A Realtor*. The mortgage holder has objected only to the employment of the realtor. Upon our own motion we have raised the issue of whether this "creation" may be a debtor within this Court's jurisdiction. After substantial research and analysis we find that this entity cannot be a debtor under the Bankruptcy Code. Grant Street Project will have thirty (30) days in which to obtain compliance with the Code, by becoming a "person" as defined. If, after that time, this Court determines that such compliance has not occurred, this case will be dismissed. The pending motions will be held in abeyance until this issue is resolved.

The Bankruptcy Code defines who or what may be a Chapter 11 debtor as follows:

> Only a person that may be a debtor under Chapter 7 of this title, except a stockholder or a commodity broker, and a railroad may be a debtor under Chapter 11 of this title.

11 U.S.C. § 109(d).

Subsections (a) and (b), read in conjunction, provide the definition of who may be a debtor under Chapter 7 of the Code:

(a) Notwithstanding any other provision of this section, only a person that resides in the United States, or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title.

(b) A person may be a debtor under Chapter 7 of this title only if such person is not—

(1) a railroad;

(2) a domestic insurance company, bank, savings bank, cooperative bank, savings and loan association, homestead association, or credit union; or

(3) a foreign insurance company, bank, savings bank, cooperative bank, savings and loan association, homestead association, or credit union, engaged in such business in the United States.

The most obvious criterion from all of the above-quoted statutory language is that in order to be a "debtor", one must be a "person". This term is defined in § 101(35) as follows:

> "person" includes individual, partnership, and corporation, but does not include governmental unit ...

At the hearing this Court was advised by the applicant-to-be Grant Street Project's counsel that this entity is not a corporation; nor is it a partnership pursuant to the Uniform Partnership Act. Grant Street Project is not even registered pursuant to the Uniform Fictitious Names Act. To the contrary, this entity, at present, is merely a creation of counsel.

Grant Street Project seeks to sell real estate through this Court. At hearing we learned that in fact the realty in question is not titled to this "creation"; rather, it is titled in the following individuals:

(1) April Meybin

(2) Chris Meybin

(3) Regis D. and Hurley Bobanis, h/w

(4) Walter J. and Laura B. Brannan, h/w and

(5) Stanley K. and Vina L. Rideout, h/w

Further inquiry indicated that the proposed counsel to Grant Street Project did not consider the named individual, April Meybin, to be a debtor in this Bankruptcy Court, and to the contrary, averred that her assets have not been scheduled as part of this estate.

Of all entities which can be classified as a "person" under the Bankruptcy Code, Grant Street Project comes closest to being a business trust. A business, or Massachusetts, trust is a type of business formation comprising an arrangement whereby property is *actually conveyed* to a trustee, who holds and/or manages same for the benefit of the holders of transferrable certificates issued by the trustee. Such a relationship exists by reason of a trust instrument executed by the trustee and the participants. *Morrissey v. Commissioner*, 296 U.S. 344, 56 S.Ct. 289, 80 L.Ed. 263 (1935); *In re Vivian A. Skaife Irrevocable Trust Agreement, No. 1*, 90 B.R. 325 (Bankr.E.D.Tenn.

1988); *Matter of Walker,* 79 B.R. 59 (Bankr.M.D.Fla.1987).

We are well aware that an abundance of case law exists declaring the scope of the bankruptcy estate to be broad. In the case at bar, however, we are hard-pressed to accept the fact that a creation having no legal status can be the front for eight (8) title holders desiring to stall and delay a mortgage foreclosure.

As a result, this Court will grant the parties thirty (30) days within which to make Grant Street Project a "person" pursuant to the Code. If, after said time, the parties have failed to so act, this case will be dismissed.

The remaining motions will be held in abeyance until a determination in the above matter is rendered.

An appropriate Order will be issued.