**In re MOHAN KUTTY TRUST, Debtor.**

**Bankruptcy No. 91–6011–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 11, 1991.

Richard Zeller, Clearwater, Fla., for debtors.

Catherine Peek McEwen, Tampa, Fla., for movant.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is the Motion to Dismiss filed by Barnett Bank of Suncoast, N.A. (Barnett). Barnett seeks the dismissal of the above-captioned Chapter 11 case on the grounds that the Mohan Kutty Trust (Trust) is not eligible to be a debtor. Alternatively, Barnett seeks a dismissal of the case for "cause" pursuant to § 1112(b) of the Bankruptcy Code. The "cause" asserted by Barnett is the alleged bad faith of the Debtor.

The Court has considered the record and finds the undisputed facts relevant to a resolution of this matter under consideration to be inextricably related to those involved in the Chapter 11 case of *In re Aurora Investments, Inc.*, 134 B.R. 982 which involves the same players. These facts, as developed at the final evidentiary hearing are as follows.

On June 20, 1990, Barnett filed a mortgage foreclosure complaint against Mohan Kutty, as Trustee (Trust), Mohan Kutty (Kutty) and Haresh Lalchand Chulani individually and d/b/a K.C.C. Properties, and Aurora Investments, Inc. (Aurora) in a Florida State Court. The subject of the foreclosure complaint was six acres of improved real property in Brooksville, Florida, upon which an adult congregate living facility (ACLF) is operated, and an adjacent unimproved parcel of twenty-two contiguous acres. The mortgage was held as security for notes totaling $2,681,000.00 in principal, plus accrued interest held by Barnett. These notes had fully matured on March 30, 1990. The title of record to the six-acre ACLF property listed "Mohan Kutty, as Trustee." During the period that the foreclosure action was pending, the ACLF was owned and operated by Hernando Woods (Hernando), a Florida general partnership in which Aurora had a partnership interest. Hernando leased the property from the Trust and from Kutty individually, and Hernando contracted with Aurora for Aurora to provide management services to the ACLF for a flat fee, although no fee apparently was ever paid. The ACLF license is in the name of Aurora and Hernando, but only Hernando collected patient revenues and employed personnel.

Barnett filed a Motion for Summary Judgment in the foreclosure action and on December 10, 1990, and prior to the hearing on the Motion for Summary Judgment, Barnett and the Defendants, including the Trust, Kutty, and Aurora, entered into a Stipulation for Settlement (Stipulation). The Stipulation provided, *inter alia*, that summary final judgment against the Defendants would be entered, with the proviso that the foreclosure sale date would not be earlier than April 2, 1991. The purpose of the Stipulation was to prevent the appointment of a receiver for the property and to allow the Defendants an opportunity to refinance or obtain a contract for sale of the property. The Stipulation provided, in part, that "[Mohan Kutty individually, Mohan Kutty as trustee, Haresh Lalchand Chulani, K.C.C. Properties, a Florida general partnership, member partners of which are Kutty and Chulani, and Aurora Investments, Inc.] acknowledge(s) that if they or any one of them files a petition in bankruptcy, (i) such filing will be in bad faith if the primary purpose of the filing is to delay the foreclosure sale date beyond April 2, 1991, or collection of the judgment indebtedness, and (ii) the Bank's interest in the property cannot be adequately protected absent foreclosure of its mortgage line/security interest ..." Based on the Stipulation, a final judgment in the amount of $3,197.003.16 was, in fact, entered on December 10, 1991, and the foreclosure sale date was set for April 2, 1991, at 11:00 A.M.

Notwithstanding the Stipulation, on April 2, 1991, Aurora filed a Petition for Relief under Chapter 11 of the Bankruptcy Code, even though Aurora was already a dissolved Florida corporation. On April 5, 1991, Barnett filed a Motion to Dismiss the Chapter 11 case of Aurora on the grounds that the Petition was filed in bad faith because it was filed for the sole purpose of frustrating Barnett's efforts to enforce its judgment in the foreclosure action against the properties owned by Trust. Aurora, through Dr. Kutty, admitted the purpose of the filing was to stop the foreclosure sale because Hernando, a non-debtor affiliate of Aurora, expected to streamline the operation and increase its monthly income through continued operation of the ACLF business. Aurora now claims that it had taken over operation of the ACLF business from Hernando, although no partnership meeting was held, and there is no evidence of any resolution by the partners which approved the transfer of the business from themselves to Aurora.

It is the contention of Barnett that the Debtor is not eligible for relief under Chap-

ter 11 of the Bankruptcy Code. Section 109 of the Bankruptcy Code defines who may be a debtor and provides as follows:

109. Who may be a debtor.

(a) Notwithstanding any other provision of this section, only a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title.

Section 101(35) of the Bankruptcy Code, in turn, defines "person" as including an individual, partnership and corporation. In addition, § 101(8)(A)(v) of the Bankruptcy Code provides that the term "corporation" includes a business trust. Thus, the Trust is eligible to be a debtor under Chapter 11 of the Bankruptcy Code if it qualifies as a business trust.

■ The requirements for qualification as a business trust in Florida is set forth in Chapter 609 of the Florida Statutes, which provides in pertinent part that "[t]wo or more persons ... may organize and associate themselves together for the purpose of transacting business in this state under what is commonly designated or known as a 'declaration of trust' ..." *Fla.Stat.* § 609.01. Trusts which are organized in order to transact business must file with the Department of State a "true and correct" copy of the declaration of trust under which the association proposes to conduct business. *Fla.Stat.* § 609.02. It is undisputed in this case that the Trust has no trust instrument on record. Thus, the Trust fails to meet the requirements of a business trust set out by the Florida Statute and, therefore, does not qualify to be a debtor under Chapter 11 of the Bankruptcy Code.

■ Similarly, Courts have defined business trust as "a voluntary pooling of capital by a number of people who are the holders of freely transferrable certificates evidencing beneficial interests in the trust estate." *In re Wayson Trust*, 29 B.R. 58, 59 (Bankr.M.D.Fla.1982). Regarding the Trust, it is undisputed that there are no transferrable certificates in the Trust, the Trust has no employees, the Trust has no business activities, the Trust does not buy or sell merchandise or render a service, and the Trust has filed no tax returns. *See, In re Treasure Island Land Trust*, 2 B.R. 332 (Bankr.M.D.Fla.1980). Hence, the Trust also fails to constitute a business trust as defined by the Courts.

■ It is also without dispute that Aurora Investments, Inc. (Aurora), another Chapter 11 debtor, is the purported trust beneficiary of the Trust and that Kutty purports to act as the trustee for this alleged Trust. Kutty contends that the Trust now operates the ACLF. Thus, the Trust appears to be an active business Trust eligible for relief. The difficulty with this proposition is evidenced by the undisputed fact that the Trust does not have a license to operate such an ACLF; instead, the license is held by Aurora. The most telling feature negating the claimed existence of this Trust which claims to be a "business trust," is that it has no corpus and has as no business of its own. This record leaves no doubt based on the foregoing that the Trust is not eligible to be a debtor under Chapter 11 of the Bankruptcy Code.

■ Assuming without conceding that this record would support the proposition that the Trust is eligible for relief under § 109 of the Bankruptcy Code, this Court is further satisfied that this Chapter 11 case was filed in bad faith and thus, should be dismissed for "cause" pursuant to § 1112(b) of the Bankruptcy Code for the following reasons:

Kutty is the record title owner of the land on which the ACLF is located. As noted earlier, Aurora holds the ACLF license, and Kutty is the president and designated corporate representative of Aurora. Essentially, this is nothing more than a two-party dispute between Mohan Kutty and Barnett, which prompted the Chapter 11 filing by the Trust. This is clearly not a proper case for Chapter 11. The Trust itself has no employees, it operates no business, and it owns no real assets. This record leaves no doubt that it is replete with facts which consistently have been considered the hallmark of bad faith filing.

*Matter of Little Creek Development Co.,* 779 F.2d 1068 (5th Cir.1986); *In re Phoenix Piccadilly, Ltd.,* 849 F.2d 1393 (11th Cir. 1988).

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Dismiss the above captioned Chapter 11 case be, and the same is hereby, granted and the above captioned Chapter 11 case be, and the same is hereby, dismissed.

DONE AND ORDERED.