**In re METRO PALMS I TRUST, Debtor.**

**Bankruptcy No. 92–13187–9P1.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

March 17, 1993.

Philip L. Burnett, Fort Myers, FL, for debtor.

J. Jeffrey Rice, Fort Myers, FL, for Barnett Bank of Lee County.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 11 reorganization case filed by Metro Palms I Trust (Debtor). This Debtor is related to two other debtors involved in separate but companion Chapter 11 cases pending before this Court, Metro Palms II Trust and Metro Palms III Trust. The matter under consideration is a Motion to Dismiss this Chapter 11 case, filed by Barnett Bank of Lee County (Barnett). In its Motion, Barnett contends: (1) that the Debtor is not eligible for relief

under Chapter 11; (2) that the case was filed in bad faith; and (3) that the Debtor is unable to effectuate reorganization. The facts which appear from the record as established at the duly noticed hearing, are as follows.

The Debtor is a Trust and is engaged in the business of commercial leasing. Its only asset is a commercial office building located in Fort Myers, Florida. The Debtor's sole business activity consists of supervising the management of the subject property. Barnett is the holder of a first mortgage encumbering the property and when the mortgage fell into default, Barnett filed a foreclosure action and obtained a Final Judgment in the principal amount of $638,219.99. There is no formal appraisal on record, but it appears from the Schedules that, at least in the opinion of the Debtor, the property has a market value of $850,000.00. According to the Schedule of Liabilities, the total encumbrance on the subject property is $589,424.09. Shortly after entry of the Final Judgment, Barnett scheduled a foreclosure sale for October 8, 1992. However, on the eve of the sale, the Debtor filed its Petition for Relief which, of course, prevented any further proceeding in the state court by virtue of the imposition of the automatic stay. There is hardly any doubt that the sole purpose of filing the Petition for Relief was to bring the foreclosure action to a halt and to prevent Barnett from having the property sold.

It is without dispute that the Debtor has no employees, as the property is managed by a management company. According to the Debtor's Schedules, it appears that the Debtor has few creditors other than Barnett; that the Debtor has no priority creditors; and only eleven unsecured creditors, half of which are insiders or professionals. Finally, the Statement of Financial Affairs shows that the Debtor's monthly income is insufficient to support the monthly operating expenses of the property, leaving a monthly shortfall of $2,515.74.

■ The initial attack of Barnett on the Debtor's right to maintain this Chapter 11 case is based on the proposition that this Debtor is not eligible for relief under Chapter 11 because it is a land trust and not a business trust. Of course, the eligibility of this Debtor to seek relief is a threshold question since, if found to be ineligible, the remaining contentions of Barnett are moot and require no further consideration.

Eligibility is defined by § 109 of the Bankruptcy Code which provides in pertinent part as follows:

§ 109. Who may be a debtor

(d) Only a person that may be a debtor under Chapter 7 of this title, except a stockbroker or a commodity broker, and a railroad may be a debtor under Chapter 11 of this title.

Section 101 is the definitional provision of the Code. Subsection (41) of Section 101 provides that a "person" is defined to include an individual, partnership, and corporation, but does not include governmental units. Subsection (9) of Section 101 defines corporation to include:

(i) association having a power or privilege that a private corporation, but not an individual or a partnership, possesses;

(ii) partnership association organized under a law that makes only the capital subscribed responsible for the debts of such association;

(iii) joint-stock company;

(iv) unincorporated company or association; or

(v) business trust;

■ Business trusts are created for the purpose of carrying on some kind of business or commercial activity for profit. This purpose is different from that of a non-business trust where the object of the trust is to protect and preserve the trust res. *Matter of Arehart* 52 B.R. 308 (Bankr.M.D.Fla.1985) citing *In re Treasure Island Land Trust,* 2 B.R. 332 (Bankr. M.D.Fla.1980).

Barnett relies upon *In re Wayson Trust,* 29 B.R. 58 (Bankr.D.Md.1982) in support of its position. *Wayson, supra.* is factually similar to this Court's decision in the case *In re Jay M. Weisman Irrevocable Children's Trust,* 62 B.R. 286 (Bankr.M.D.Fla. 1986). Both cases involve trusts which were established for estate planning pur-

poses to provide for family members. Although both trusts contained assets which could have been operated as a business, the trusts were never intended to operate or conduct business in a commercial sense. Clearly, in the present instance the Debtor was established for the purpose of conducting business through the operation of the commercial office building located in Fort Myers, and not to preserve the trust res for the beneficiaries. Based upon the foregoing, the case law relied upon by Barnett can easily be distinguished from the case before this Court, and this Court is satisfied that the Debtor is a business trust and thus, eligible for relief under Chapter 11.

This leaves for consideration the remaining two contentions of Barnett. The first is that this Petition was filed in bad faith and, therefore, it is appropriate to dismiss same for "cause" pursuant to § 1112(b) of the Bankruptcy Code; and second, that the Debtor is unable to effectuate a Plan, and therefore, it would appropriate to dismiss this Chapter 11 case pursuant to § 1112(b)(2) of the Bankruptcy Code.

 Unlike pre-Code law in § 141 of the Bankruptcy Act of 1898 which required an initial showing that the Petition was filed in good faith, the Bankruptcy Code does not require an initial showing that the Petition was filed in good faith. However, shortly after the adoption of the Code, substantive case law developed and established the principle that good faith is a requirement to maintain a Chapter 11 case by a Debtor who seeks relief under this Chapter. *See, In re Albany Partners,* 749 F.2d 670 (11th Cir.1984); *In re Phoenix Piccadilly,* 849 F.2d 1393 (11th Cir.1988); *In re Landmark Capital Company,* 27 B.R. 273 (Bankr.Ariz.1983). A set of factors which indicate a "bad faith" filing was set out by the Fifth Circuit in *In re Little Creek Development Co.,* 779 F.2d 1068 (5th Cir. 1986) and are as follows:

(a) the debtor has one asset, such as a tract of undeveloped or developed real property;

(b) the secured creditors' lien encumbers this tract;

(c) there are no employees except for principals;

(d) there is little or no cash flow, and no available sources of income to sustain a plan or reorganization or to make adequate protection payments;

(e) there are only a few, if any, unsecured creditors, whose claims are relatively small;

(f) the property has been posted for foreclosure because of arrearages on the debt and the debtor has been unsuccessful in defending actions against the foreclosure in state court.

A mechanical application of the factors set forth in *Little Creek,* indicate that this case has most of the hallmarks of bad faith. Therefore, at first blush it appears that this case is doomed at the outset and is ripe for dismissal for "cause" based on the bad faith of the Debtor who filed a Petition for Relief under Chapter 11 of the Bankruptcy Code. *See, In re Landmark, supra; In re Little Creek Development Co., supra.*

 However, it is equally recognized that not one single factor set forth in *Little Creek, supra,* is determinative of the issue of the lack of good faith of a debtor seeking relief under Chapter 11 of the Bankruptcy Code. *In re Natural Land Corporation,* 825 F.2d 296 (11th Cir.1987); *In re Albany Partners, Ltd., supra.* While *Little Creek* is still well-recognized persuasive authority, it is equally true that there is nothing inherently improper for a debtor with one single asset, generally an income-producing commercial property, to attempt to reorganize its affairs under the rehabilitative provisions of the Bankruptcy Code. In the last analysis, the ultimate test is still whether there is a "real need" of reorganization and a showing by the Debtor of its ability to effectuate a reorganization within a reasonable time without inordinate delay. *Breeding Motor Freight Lines, Inc. v. Reconstruction Finance Corp.,* 172 F.2d 416 (10th Cir.1949), *cert. denied,* 338 U.S. 814, 70 S.Ct. 54, 94 L.Ed. 493 (1949); *Fidelity Assurance Assoc. v. Sims,* 318 U.S. 608, 63 S.Ct. 807, 87 L.Ed. 1032 (1943); *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.,* 484

U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). In sum, when a Chapter 11 case involves a debtor with one single asset which case is sought to be dismissed for bad faith, the court must also consider the consensus relative to the case and "always make a determination of the absence of good faith based on a case-by-case basis." *In re Sarasota Plaza Associates Ltd. Partnership*, 102 B.R. 257 (Bankr.M.D.Fla. 1989). It appears that in the present instance, this is a valuable piece of real estate which has a salvageable economic value and shows some viability as an economic enterprise, albeit precarious.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by Barnett Bank of Lee County is denied and the Debtor is directed to file a Plan of Reorganization and Disclosure Statement within 30 days from the date of this Order. In the event the Debtor fails to file the Plan and Disclosure Statement, the Court will reconsider dismissal of the case.

DONE AND ORDERED.